■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABY GONZALEZ, Appellant. [693 NYS2d 362] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting defendant following a jury trial of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]), defendant contends that the verdict is against the weight of the evidence because he had only temporary innocent possession of the weapon. We disagree. Although a person may be found to have had temporary and lawful possession of a weapon if he or she took the weapon from an assailant in the course of a fight (*see, People v Almodovar,* 62 NY2d 126, 130), here the jury could have found that, after defendant disarmed another during the course of a fight, he retained possession of the weapon despite the opportunity to turn it over to lawful authorities (*see, People v Snyder,* 73 NY2d 900). The record establishes that, when defendant saw the police car, instead of immediately turning the weapon over to the police, he ran

away and hid the weapon in a building. Defendant's purposeful avoidance of the police is " 'utterly at odds with [defendant's] claim of innocent possession' * * * 'temporarily and incidentally [resulting] from * * * disarming a wrongful possessor' " (*People v Snyder, supra*, at 902, quoting *People v Persce*, 204 NY 397, 402). The testimony of defendant that he intended to turn the weapon over to the police raised an issue of credibility for the jury. Therefore, we conclude that the verdict convicting defendant of criminal possession of a weapon in the third degree is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). (Appeal from Judgment of Supreme Court, Monroe County, Affronti, J.—Criminal Possession Weapon, 3rd Degree.) Present—Green, J. P., Lawton, Pigott, Jr., Callahan and Balio, JJ.