THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WINSTON M. HANCOCK, Appellant. [842 NYS2d 650]—

Appeal from a judgment of the Monroe County Court (John J. Connell, J.), rendered December 6, 2004. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]), defendant contends that County Court erred in refusing to give a justification charge. We reject that contention. "It is well settled that justification is not a defense to a weapon possession count" (*People v White*, 168 AD2d 962, 963-964 [1990], *lv denied* 77 NY2d 968 [1991]). The contention of defendant that a justification charge was proper because he had temporary innocent possession of the weapon is unpreserved for our review (*see* CPL 470.05 [2]) and, in any event, that contention is without merit (*see People v Almodovar*, 62 NY2d 126, 130-131 [1984]).

Defendant asked the court to charge criminal possession of a weapon in the third degree as a lesser included offense of criminal possession of a weapon in the second degree, despite the correct responsive statement of the People that it is not in fact a lesser included offense (*see People v Leon*, 7 NY3d 109, 112 [2006]; *People v Okafore*, 72 NY2d 81, 89 n 3 [1988]). We thus conclude that defendant waived his present contention that the court erred in so charging the jury (*see* CPL 300.50 [1]; *see also*

*People v Shaffer*, 66 NY2d 663, 665 [1985]). We also reject the contention of defendant that he was denied effective assistance of counsel. Although defense counsel asked the court to charge criminal possession of a weapon in the third degree and defendant was convicted of that lesser offense, it cannot be said that defendant was denied meaningful representation as a result of defense counsel's strategic decision to request that charge (*see generally People v Henry*, 95 NY2d 563, 565-566 [2000]; *People v Satterfield*, 66 NY2d 796, 798-799 [1985]; *People v Baldi*, 54 NY2d 137, 147 [1981]). Finally, the sentence is not unduly harsh or severe. Present—Martoche, J.P., Smith, Peradotto, Green and Pine, JJ.