# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

618

KA 11-01397

PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                    V                          MEMORANDUM AND ORDER

PERRY GRIGGS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (VINCENT F. GUGINO OF COUNSEL), FOR DEFENDANT-APPELLANT.

PERRY GRIGGS, DEFENDANT-APPELLANT PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

      Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered June 9, 2011. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree.

      It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

      Memorandum: On appeal from a judgment convicting him following a jury trial of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that Supreme Court erred in denying his motion to dismiss the indictment based upon alleged prosecutorial misconduct before the grand jury. According to defendant, the prosecutor improperly questioned him about his prior criminal convictions and failed to instruct the grand jurors properly with respect to the defense of temporary innocent possession. We reject defendant's contention. With respect to the alleged prosecutorial misconduct, we note that the prosecutor was entitled to cross-examine defendant on issues concerning his credibility (*see People v Thomas*, 213 AD2d 73, 76, *affd* 88 NY2d 821) and, because defendant's criminal record "clearly demonstrated his willingness to place his own interests above those of society, [it] was thus a proper subject for cross-examination" (*People v Burton*, 191 AD2d 451, 451, *lv denied* 81 NY2d 1011). With respect to the instruction on the defense of temporary innocent possession, we note that it is almost identical to the instruction set forth in the Pattern Jury Instructions (*see* CJI2d[NY] Temporary and Lawful Possession). Defendant raises several other contentions regarding the conduct of the prosecutor during the grand jury proceedings, but they are similarly without merit.

We reject defendant's further contention that the court erred in permitting defendant's ex-girlfriend to testify that she observed him in possession of the firearm in question on the night before his arrest. That testimony was relevant to defendant's defense of temporary innocent possession of the weapon. We agree with defendant, however, that the court erred in permitting his ex-girlfriend to testify concerning prior drug sales and acts of domestic violence. That testimony was not relevant to a material issue at trial and, furthermore, its probative value was outweighed by its prejudicial effect (*see generally People v Cass*, 18 NY3d 553, 559). Nevertheless, we conclude that the error is harmless (*see People v Bounds*, 100 AD3d 1523, 1524, *lv denied* 20 NY3d 1096; *People v Taylor*, 97 AD3d 1139, 1141, *lv denied* 19 NY3d 1029; *see generally People v Crimmins*, 36 NY2d 230, 241-242). Defendant, by his own admission, possessed the loaded firearm, and the only disputed issue at trial was whether the defense of temporary and innocent possession applied. Even assuming, arguendo, that the jurors accepted defendant's seemingly implausible claim that he wrestled the gun away from a man who was trying to rob him, we conclude that the defense of temporary innocent possession does not apply because defendant " 'made no effort to turn the [gun] over to the police' " after he obtained possession of it (*People v Ward*, 104 AD3d 1323, 1325; *see People v McCoy*, 46 AD3d 1348, 1349-1350, *lv denied* 10 NY3d 813). Instead, defendant hid the gun under a fence in a vacant lot and then remained silent while the police were searching the vacant lot, conduct that was "utterly at odds with any claim of innocent possession" (*McCoy*, 46 AD3d at 1350 [internal quotation marks omitted]).

Viewing the evidence in light of the elements of criminal possession of a weapon in the second degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we also reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495; *People v Rumph*, 93 AD3d 1346, 1347, *lv denied* 19 NY3d 967). Indeed, our "independent review of the evidence reveals that a different verdict would have been unreasonable" (*People v Johnson*, 24 AD3d 803, 804; *see People v Peters*, 90 AD3d 1507, 1508, *lv denied* 18 NY3d 996; *see generally Bleakley*, 69 NY2d at 495).

We have reviewed the remaining contentions set forth in defendant's main and pro se supplemental briefs and conclude that none warrants modification or reversal.

Entered:  July 5, 2013                         Frances E. Cafarell
                                               Clerk of the Court