# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1008**

**KA 11-01630**

PRESENT: SMITH, J.P., FAHEY, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                           MEMORANDUM AND ORDER

ROBERT L. HICKS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID PANEPINTO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered July 19, 2011. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that the verdict is against the weight of the evidence because he had only temporary innocent possession of the weapon. We reject that contention. Although a person may be found to have had temporary and lawful possession of a weapon if he or she took the weapon from an assailant in the course of a fight (*see People v Almodovar*, 62 NY2d 126, 130), here the jury reasonably could have found that defendant, after taking the gun at issue from another person, retained possession of it despite the opportunity to turn it over to lawful authorities (*see People v Snyder*, 73 NY2d 900, 901-902; *see also People v Gonzalez*, 262 AD2d 1061, 1061-1062, *lv denied* 93 NY2d 1018). Specifically, the record establishes that defendant fled from the police on a bicycle and disposed of the gun in a garbage can. Defendant's purposeful avoidance of the police is "utterly at odds with [his] claim of innocent possession . . . temporarily and incidentally [resulting] from . . . disarming a wrongful possessor" (*Snyder*, 73 NY2d at 902 [internal quotation marks omitted]; *see Gonzalez*, 262 AD2d at 1062). Thus, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Contrary to defendant's contention, "defense counsel's failure to make a specific motion for a trial order of dismissal at the close of the People's case [does] not constitute ineffective assistance of counsel, inasmuch as any such motion would have had no chance of success" (*People v Horton*, 79 AD3d 1614, 1616, *lv denied* 16 NY3d 859; *see generally People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702). Indeed, we note that defendant does not contend on appeal that the evidence at trial is legally insufficient to support the conviction. Defendant also failed to demonstrate a lack of strategic or other legitimate explanations for defense counsel's alleged ineffectiveness in failing to request a charge on the lesser included offense of criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]), or in failing to request a missing witness charge (*see People v Benevento*, 91 NY2d 708, 712-713). Further, "[a]bsent proof that such witness would have provided noncumulative testimony which was favorable to [the prosecution], there was no basis for such a charge" (*People v Myers* [appeal No. 1], 87 AD3d 826, 828, *lv denied* 17 NY3d 954 [internal quotation marks omitted]). We have reviewed the remaining alleged deficiencies in defense counsel's performance and conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

We reject defendant's further contention that the photo array was unduly suggestive (*see generally People v Chipp*, 75 NY2d 327, 335, *cert denied* 498 US 833). The individuals depicted in the photo array were "sufficiently similar in appearance so that the viewer's attention [was] not drawn to any one photograph in such a way as to indicate that the police were urging a particular selection" (*People v Quinones*, 5 AD3d 1093, 1093, *lv denied* 3 NY3d 646; *see Chipp*, 75 NY2d at 336). Although we conclude upon our review of a copy of the photo array that defendant appears to have a darker skin tone than the other African-American males depicted therein, we note that the witnesses were instructed that the photographs in the array "may not depict the true complexion of a person." Moreover, "differences in skin tone alone will not render a lineup unduly suggestive" (*People v Fewell*, 43 AD3d 1293, 1294, *lv denied* 9 NY3d 1033, *reconsideration denied* 10 NY3d 862 [internal quotation marks omitted]; *see Quinones*, 5 AD3d at 1093). Finally, the sentence is not unduly harsh or severe.

Entered:  October 4, 2013                    Frances E. Cafarell
                                             Clerk of the Court