# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1080
KA 11-01486
PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

AUBREY D. BAILEY, II, DEFENDANT-APPELLANT.

TREVETT CRISTO SALZER & ANDOLINA P.C., ROCHESTER (ERIC M. DOLAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (James J. Piampiano, J.), rendered July 18, 2011. The judgment convicted defendant, upon a nonjury verdict, of criminal possession of a weapon in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]; [3]). Contrary to the contention of defendant, we conclude that the evidence, viewed in the light most favorable to the People, is legally sufficient to disprove his defense of temporary and lawful possession of the weapon (*see People v Lucas*, 94 AD3d 1441, 1441, *lv denied* 19 NY3d 964; *People v Myers*, 265 AD2d 598, 600; *People v Miller*, 259 AD2d 1037, 1037, *lv denied* 93 NY2d 927). Even if, as defendant contends, he originally acquired the gun by disarming his alleged assailant in the course of a robbery, we conclude that the evidence is legally sufficient to establish that he thereafter possessed it with the requisite unlawful intent (*see People v Sheehan*, 41 AD3d 335, 335, *lv denied* 9 NY3d 993; *People v Gonzalez*, 262 AD2d 1061, 1061-1062, *lv denied* 93 NY2d 1018). After evading his alleged robber, defendant returned to the scene of the robbery with the gun drawn and fired five shots, one of which struck his alleged assailant in the leg. Defendant then regained possession of his property, a duffel bag containing $27,000 in cash, and fled upon the approach of the police. Such conduct is "utterly at odds with [defendant's] claim of innocent possession . . . temporarily and incidentally [resulting] from . . . disarming a wrongful possessor" (*Gonzalez*, 262 AD2d at 1062 [internal quotation marks omitted]; *see People v Banks*, 76 NY2d 799, 801; *People v Aracil*, 45 AD3d 401, 401-402, *lv denied* 9 NY3d 1030).

Defendant further contends that he had no duty to retreat, but was justified in acting as he did, because the People failed to prove that he could have retreated with complete safety. We reject that contention. It is well settled that the defense of justification, which involves the "justifiable *use of physical force*" (Penal Law § 35.05 [emphasis added]), does not apply to criminal *possession* of a weapon (*see People v Pons*, 68 NY2d 264, 265, 267; *see also People v Almodovar*, 62 NY2d 126, 130; *People v Jenkins*, 81 AD3d 662, 663, *lv denied* 16 NY3d 860). Thus, the "duty to retreat" rule, which applies to the defense of justification in connection with the use of deadly physical force (*see* § 35.15 [2] [a]), is not relevant here. Nonetheless, justification is relevant to a defendant's intent in using a weapon. In other words, "[t]he use of a firearm to engage in conduct that is justifiable under the law is not unlawful. Thus, an intent to use a firearm against another justifiably is not an intent to use it unlawfully" (CJI2d[NY] Penal Law art 265, Intent to Use Unlawfully and Justification). Here, however, the evidence is legally sufficient to establish that defendant "possessed the firearm with the intent to use it against another unlawfully and not solely with the intent to use it justifiably" (*id.*; *see People v Britton*, 27 AD3d 1014, 1015, *lv denied* 6 NY3d 892; *cf. Pons*, 68 NY2d at 267-268).

Viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict is not against the weight of the evidence (*see Gonzalez*, 262 AD2d at 1061-1062; *see generally People v Bleakley*, 69 NY2d 490, 495). Additionally, we reject defendant's contention that County Court erred in excluding testimony that, 10 months subsequent to the events at issue, his alleged assailant was found in possession of multiple firearms. "The trial court is granted broad discretion in making evidentiary rulings in connection with the preclusion or admission of testimony and such rulings should not be disturbed absent an abuse of discretion" (*People v Almonor*, 93 NY2d 571, 583; *see People v Carroll*, 95 NY2d 375, 385), and we discern no such abuse of discretion here (*see Almonor*, 93 NY2d at 583; *see generally People v Scarola*, 71 NY2d 769, 777-778).

Finally, the sentence is not unduly harsh or severe.

Entered: November 8, 2013                    Frances E. Cafarell
                                              Clerk of the Court