# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1369
KA 12-00682
PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT

V                                    MEMORANDUM AND ORDER

LAWRENCE HAWKINS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. SMALL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered February 9, 2012. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). Contrary to defendant's contention, we conclude that the evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), is legally sufficient to disprove his defense of temporary and lawful possession of the weapon (*see People v Bailey*, 111 AD3d 1310, 1311; *People v Lucas*, 94 AD3d 1441, 1441, *lv denied* 19 NY3d 964). After disarming his son, who was drunk and wielding a revolver at a family gathering, defendant locked the weapon in a garage. Defendant's own testimony, however, established that he soon thereafter retrieved the weapon during the course of a volatile argument with his son, shot his son, and then fled from the scene and destroyed the weapon rather than wait and turn it over to the authorities. "Such conduct is 'utterly at odds with [defendant's] claim of innocent possession . . . temporarily and incidentally [resulting] from . . . disarming a wrongful possessor' " (*Bailey*, 111 AD3d at 1311; *see People v Banks*, 76 NY2d 799, 801; *People v Gonzalez*, 262 AD2d 1061, 1062, *lv denied* 93 NY2d 1018). Although defendant maintained that he shot his son in self-defense, we note that "[i]t is well settled that justification is not a defense to a weapon possession count" (*People v Hancock*, 43 AD3d 1380, 1380, *lv denied* 9 NY3d 1034). Furthermore, viewing the evidence

in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see People v Hicks*, 110 AD3d 1488, 1488-1489; *Gonzalez*, 262 AD2d at 1061-1062; *see generally People v Bleakley*, 69 NY2d 490, 495).

We reject defendant's further contention that he was denied effective assistance of counsel based on defense counsel's failure to object to testimony that defendant shot his son in the back (*see generally People v Santiago*, 101 AD3d 1715, 1716-1717, *lv denied* 21 NY3d 946).  We conclude that the record, viewed as a whole, demonstrates that defense counsel provided meaningful representation (*see People v Martinez*, 73 AD3d 1432, 1433, *lv denied* 15 NY3d 807; *see generally People v Baldi*, 54 NY2d 137, 147).

Defendant further contends that he was denied his right to be present at all material stages of the trial because the record does not establish that he was present for three sidebar conferences during voir dire.  We reject that contention.  " '[A] sidebar interview that concerns a juror's background, bias or hostility, or ability to weigh the evidence objectively is a material stage of trial at which a defendant has a right to be present . . . , and a waiver by defendant [of that right] will not be inferred from a silent record' " (*People v Cohen*, 302 AD2d 904, 905; *see* CPL 260.20; *People v Antommarchi*, 80 NY2d 247, 250, *rearg denied* 81 NY2d 759).  "There is[, however,] a presumption of regularity that attaches to judicial proceedings, and that presumption may be overcome only by substantial evidence to the contrary" (*People v Chacon*, 11 AD3d 906, 907, *lv denied* 3 NY3d 755; *see People v Foster*, 1 NY3d 44, 48).  Here, County Court explained to the prospective jurors that the parties would be present in the jury room for any sidebar conferences during voir dire, and the record establishes that defendant was present at the beginning of jury selection, during the first and third sidebar conferences, and at the end of jury selection.  We conclude with respect to the second sidebar conference that defendant failed to overcome the presumption of regularity with substantial evidence of his absence.

Finally, we agree with the People that defendant failed to provide a sufficient record to enable us to review the adequacy of the grand jury instructions (*see People v Kinchen*, 60 NY2d 772, 773-774; *People v Dixon*, 37 AD3d 1124, 1124, *lv denied* 10 NY3d 764), and that defendant's challenge to the sufficiency of the evidence before the grand jury is foreclosed by his conviction based upon legally sufficient evidence (*see People v Edgeston*, 90 AD3d 1535, 1535-1536, *lv denied* 19 NY3d 973; *see also* CPL 210.30 [6]).

Entered:  January 3, 2014                    Frances E. Cafarell
                                             Clerk of the Court