# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

473

KA 12-01250

PRESENT: SMITH, J.P., PERADOTTO, CARNI, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ANDREW CRAIG, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DANIELLE N. D'ABATE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered June 4, 2012. The judgment convicted defendant, upon a nonjury verdict, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Contrary to defendant's contention, we conclude that the evidence, viewed in the light most favorable to the People, is legally sufficient to disprove his defense of temporary and lawful possession of the weapon (*see People v Bailey*, 111 AD3d 1310, 1311; *People v Lucas*, 94 AD3d 1441, 1441, *lv denied* 19 NY3d 964; *see generally People v Bleakley*, 69 NY2d 490, 495). Defendant found a loaded gun in a park and took the gun with him when his father drove him to his mother's house. A police officer found the gun concealed in a bag of clothing after initiating a traffic stop of the vehicle operated by defendant's father. Although defendant claimed that he intended to turn the gun in at a church's gun buy back program, defendant's retention of the gun beyond opportunities to hand it over to the police is " 'utterly at odds with any claim of innocent possession' " (*People v Griggs*, 108 AD3d 1062, 1063, *lv denied* 21 NY3d 1074; *see People v Ward*, 104 AD3d 1323, 1324-1325, *lv denied* 21 NY3d 1011; *People v Smith*, 63 AD3d 1655, 1655, *lv denied* 13 NY3d 839).

We further reject defendant's contention that the verdict is against the weight of the evidence. County Court could reasonably have found that defendant retained possession of the gun despite having the opportunity to turn it over to lawful authorities (*see People v Hicks*, 110 AD3d 1488, 1488; *Griggs*, 108 AD3d at 1063).

Viewing the evidence in light of the elements of the crime in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Entered: May 2, 2014                                    Frances E. Cafarell
                                                        Clerk of the Court