■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP MONTGOMERY, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered July 12, 1982, convicting him of two counts of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law, and new trial ordered. No questions of fact have been raised or considered.

The record reveals that defendant was observed by plain-clothes officers in an unmarked car, holding, for approximately one minute, what later was found to be a loaded and defaced handgun (Penal Law, § 265.02, subds [3], [4]). During this time he made no attempt to conceal the weapon and appeared to be playfully "sighting" the gun. Before being approached by the officers he placed the gun down on the ground, and upon his arrest he asserted that he had found the gun. One-half hour earlier he had been taken into custody and released as a result of an automobile chase which ended at the lot where he was subsequently arrested on the gun possession charge. At that time he was searched twice and a visual check of his car was made and no weapons were found. In light of this evidence, the jury could have found that the defendant's possession of the weapon was only temporary and innocent and the court's refusal to so charge was reversible error (*People v Almodovar,* 62 NY2d 126, 130; *People v Trucchio,* 47 AD2d 934; *People v Furey,* 13 AD2d 412; 1 CJI 9.65).

The People's claim that the failure of the defendant to adduce affirmative evidence of when he found the gun and that he intended to surrender it to the authorities warranted the court's refusal is incorrect. Once there is evidence tending to support a

finding of lawful excuse for possession, it is the People's burden to prove that the possession was unlawful (cf. *People v Figueroa,* 80 AD2d 520; Penal Law, § 25.00). In order to trigger the right to this charge, there need only be evidence of "legal excuse for having the weapon in his possession as well as facts tending to establish that, once possession has been obtained, the weapon had not been used in a dangerous manner" (*People v Williams,* 50 NY2d 1043, 1045). Here, evidence indicating that the defendant had recently found the gun and sufficient time for him to properly dispose of it had not passed is sufficient, if believed, to constitute a legal excuse for possession (*People v Furey,* 13 AD2d 412, *supra*). The record is devoid of any indication of dangerous or reckless use of the weapon. Titone, J. P., Gibbons, Bracken and Weinstein, JJ., concur.