In the Matter of GEOFFREY PEMBERTON, Petitioner, v

JOHN G. TURNER, as Albany County Court Judge, et al., Respondents.—Harvey, J.

In the early morning hours of May 25, 1984, while involved in a high-speed chase in the Town of Colonie, Albany County, petitioner allegedly fired a loaded hand gun out of the window of a car in which he was a passenger. Shortly after discharging the weapon, the car in which petitioner was riding was involved in an accident with another motor vehicle. Petitioner fled the scene of the accident on foot and abandoned the gun, throwing it into some bushes. He proceeded to a friend's house who, later that morning, drove petitioner to the accident site where he retrieved the previously abandoned weapon. After several more stops were made, petitioner took the gun to his home in Schenectady County and hid it in the trunk of a friend's car. Petitioner was arrested shortly thereafter.

An information was filed in Schenectady County charging petitioner with criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]). Petitioner pleaded guilty, in a Justice Court in Schenectady County, to the reduced charge of disorderly conduct in full satisfaction of the charge of criminal possession of a weapon in the fourth degree. Meanwhile, an Albany County Grand Jury had returned an indictment charging petitioner with criminal use of a firearm in the first degree (Penal Law § 265.09) and criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]). Upon consent of the People, the charge of criminal use of a firearm in the first degree was dropped. Thereafter, petitioner moved to dismiss the remaining charge asserting, *inter alia,* that prosecution on that charge was barred by CPL article 40. Petitioner's motion was denied by respondent John G. Turner, Albany County Judge. Petitioner then commenced this CPLR article 78 proceeding seeking to prohibit Turner and respondent Sol Greenberg, District Attorney of Albany County, from prosecuting him for the charged crime of criminal possession of a weapon in the third degree.

Petitioner contends that his prosecution in Albany County is barred by the constitutional prohibition against double jeopardy and this State's previous prosecution statutes (CPL art 40). Turning first to the constitutional claim, the double jeopardy clause protects against (1) a second prosecution for

the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense *(Ohio v Johnson*, 467 US 493, 498; *People v Prescott*, 66 NY2d 216, 221). We are concerned here with the second basic protection afforded by the double jeopardy clause. We note that the parties have not cited, nor has this court found, case law which is close in point. However, applying common sense to the facts at bar *(cf. Garrett v United States*, 471 US 773, 781), we are unconvinced that the Albany County prosecution is barred by double jeopardy.

Petitioner admits that he possessed an unlicensed hand gun on two separate occasions. Significantly, between the time of the first possession and the second possession petitioner voluntarily disposed of the gun with the apparent intention of abandoning it. Petitioner's first alleged illegal possession had its origin in an altercation between two cars. When the car petitioner was riding in was involved in an accident, petitioner abandoned the gun, thus terminating his first illegal possession. There is no indication that petitioner intended this to be a temporary relinquishment of possession. However, petitioner did later decide to retrieve the gun. He returned to the accident site, searched for and found the weapon and then transported it to another county where he attempted to hide it. We conclude that this retrieval and repossession of the gun constituted a possession crime separate and distinct from the initial illegal possession.

Having concluded that constitutional double jeopardy is not a bar to petitioner's prosecution in Albany County, we turn next to petitioner's contention that the Albany County prosecution is violative of CPL 40.20 (2). That statute provides, with certain exceptions not applicable here, that "[a] person may not be separately prosecuted for * * * offenses based upon the same act or criminal transaction". Petitioner asserts that the two illegal possessions were part of the same criminal transaction. The phrase "criminal transaction" is defined as: "conduct which establishes at least one offense, and which is comprised of two or more or a group of acts either (a) so closely related and connected in point of time and circumstance of commission as to constitute a single criminal incident, or (b) so closely related in criminal purpose or objective as to constitute elements or integral parts of a single criminal venture" (CPL 40.10 [2]). Here, there was an intervening abandonment of the weapon between the time of commission of the two crimes. We conclude that the facts at hand show that the two charged

crimes were not closely related in circumstances of commission or criminal purpose within the meaning of CPL article 40 (cf. *People v Connors*, 83 AD2d 640, 641). Accordingly, the petition should be dismissed.

Petition dismissed, without costs. Mahoney, P. J., Main, Casey, Mikoll and Harvey, JJ., concur.