■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE WHITEHEAD, Appellant.—Appeal by the defendant from

a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered October 4, 1984, convicting him of criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The evidence presented tends to establish that at approximately 8:30 A.M. on January 1, 1984, the defendant and his wife were returning home from a New Year's Eve party when they encountered an acquaintance of the defendant, one Dave Thompson. According to the defendant, Mr. Thompson was discharging a handgun, evidently as part of his celebration of the new year. The defendant, upon seeing this, disarmed Mr. Thompson and gave him $5 for a taxi. The defendant further contends that, prior to having decided what to do with the gun he had taken from Mr. Thompson, he was approached by police officers and arrested.

Viewing this evidence in a light most favorable to the defendant with respect to the trial court's charge, the defense of temporary and lawful possession was properly charged to the jury (see, People v Almodovar, 62 NY2d 126, 130; People v Montgomery, 106 AD2d 410). However, the court's charge included the erroneous proposition that such a defense is established only where the defendant had the intent to turn the subject weapon over to the lawful authorities. This error was specifically objected to by defense counsel, and is, therefore, reviewable as a matter of law. A review of the relevant case law indicates that the defendant's intent to turn the subject weapon over to the lawful authorities is not a necessary element of the defense of temporary and lawful possession. It is clear that in numerous cases, defenses based on temporary and lawful possession of a weapon were held to have been established even in the absence of any intent by the defendant to surrender the weapon to the police (see, e.g., People v Hayes, 55 AD2d 812; see also, People v Valentine, 54 AD2d 568; People v Trucchio, 47 AD2d 934; People v Harmon, 7 AD2d 159). The trial court's charge on the defense of temporary and lawful possession was, therefore, overly restrictive.

We note, in this regard, that the two pattern charges set forth in 1 CJI (NY) 9.65 do not necessarily cover all possible factual patterns in cases in which a valid defense of temporary and lawful possession is asserted. The trial courts should, where necessary, expand on or alter the pattern charges set

forth in this CJI section so as to make the charge on this defense appropriate to the facts of the case.

We have reviewed the defendant's remaining contention and find it to be without merit. Mollen, P. J., Lazer, Bracken and Kooper, JJ., concur.