■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEOFFREY PEMBERTON, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered July 6, 1987, convicting defendant following a nonjury trial of the crime of criminal possession of a weapon in the fourth degree.

As was the case when this matter was previously before this court (Matter of Pemberton v Turner, 124 AD2d 338, appeal dismissed 69 NY2d 822), the issue now is again one of double jeopardy. We observed then that defendant had possessed the weapon on two separate occasions, namely, during the early morning of the high-speed chase when he took the gun from codefendant Calvin Fuller and threw it into some bushes in Albany County, and then again approximately 1½ hours later when he retrieved it and took it to Schenectady County where the gun was then hidden. We concluded that his constitutional and statutory protections against double jeopardy would not be offended by a prosecution in Albany County after having

been convicted for the latter possession in a Schenectady County proceeding *(supra,* at 340-341).

In the Albany County nonjury trial which followed, defendant was acquitted of the first possession but convicted of the second. Defendant maintains that in doing so his protection against double jeopardy was violated; we agree.

With respect to the initial possession, which occurred at approximately 3:35 A.M. on May 25, 1984, County Court credited defendant's version, viz., that he took the gun from Fuller to prevent the latter from continuing to fire on the car they were chasing, thus rendering the nature of that initial possession innocent *(see, People v Almodovar,* 62 NY2d 126, 130). Defendant's taking and keeping a gun from Fuller, his clearly irrational drinking companion, until defendant was able to get out of Fuller's car was lawful, at which point he disposed of the gun and was, therefore, no longer in possession of a weapon *(see, People v Lynch,* 116 AD2d 56, 61). What County Court found culpable was defendant's failure to deliver the gun to the police rather than discarding it when Fuller's car crashed and then returning later to recover it. But an intent to surrender a weapon to the police is not an essential element of the defense of temporary and lawful possession *(see, People v Whitehead,* 123 AD2d 895, 896).

Insofar as County Court found the alleged second possession to be illegal because defendant "secreted" the gun for the purpose of retrieving it at a later time and transporting it to Schenectady County, this violated defendant's constitutional right to be free from a second prosecution for the same offense after conviction *(see, People v Prescott,* 66 NY2d 216, 221, *cert denied* 475 US 1150; *see also,* CPL 40.20 [2]). As the gun was secreted, we then have but a single criminal transaction and defendant cannot be twice prosecuted for that possession. Having already been convicted for this possession in Schenectady County, this conduct cannot serve as the basis for his Albany County conviction; accordingly, the latter cannot stand *(see, People v Grant,* 116 AD2d 773, 774).

Judgment reversed, on the law, and indictment dismissed. Kane, J. P., Mikoll, Yesawich, Jr., Harvey and Mercure, JJ., concur.