■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN THOMAS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered August 18, 1988, convicting him of robbery in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction for criminal possession of a weapon in the third degree, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for a new trial on that count of the indictment charging the defendant with criminal possession of a weapon in the third degree.

The defendant's robbery conviction was based on an incident which occurred on February 6, 1987. Approximately three weeks later the defendant was arrested. According to the defendant and a defense witness, immediately prior to the defendant's arrest one of their friends, who was about 14 years old, had pulled out a gun. Thinking that the boy was too young to have a gun, the defendant took it away from him. Before the defendant could decide what to do with the gun, the police approached and the defendant placed the gun in his pocket. However, before the police frisked him, the defendant told them that he had the gun and that it was not his. The defendant testified that the police began hitting him and did not give him a chance to explain how he had acquired the gun.

In general, "to trigger the right [to the charge on the defense of temporary and lawful possession of a weapon], there must be proof in the record showing a legal excuse for [the defendant] having the weapon in his possession as well as facts tending to establish that, once possession has been obtained, the weapon had not been used in a dangerous manner" *(People v Williams,* 50 NY2d 1043, 1045). Further, "defenses based on temporary and lawful possession of a weapon were held to have been established even in the absence of any intent by the defendant to surrender the weapon to the police" *(People v Whitehead,* 123 AD2d 895, 896, and cases cited therein). Viewing the evidence in a light most favorable to the defendant with respect to the trial court's charge *(see, People v Butts,* 72 NY2d 746, 750), the

defense of temporary and lawful possession of a weapon was properly charged to the jury *(see, People v Almodovar,* 62 NY2d 126, 130; *People v Whitehead, supra,* at 896; *People v Montgomery,* 106 AD2d 410; *cf., People v Banks,* 76 NY2d 799, 801; *People v Snyder,* 138 AD2d 115, 119, *affd* 73 NY2d 900). However, we agree with the defendant's claim that the trial court's charge to the jury regarding the defense was "overly restrictive" *(People v Whitehead, supra,* at 896). In its instructions to the jury with respect to the defense, the trial court used two "generic" examples, in which it referred to a defendant who disarmed an attacker and implied that the defense would be valid only where the defendant had the intent to turn the weapon over to the police. The defense counsel properly objected to the examples on the ground that they were not applicable to the facts of the case, noting that the defendant herein had not disarmed an attacker and the defendant's intent to turn the weapon over to the police was not a necessary element of the defense. In our view, the trial court improperly ruled that it could not tailor its charge to the facts of the case, as further requested by defense counsel *(see, People v Whitehead, supra).* Accordingly, the defendant is entitled to a new trial on that count of the indictment charging him with criminal possession of a weapon in the third degree.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of robbery in the first degree beyond a reasonable doubt. The People proved that the defendant used force against the complainant in order to wrongfully deprive the complainant of his property *(see,* Penal Law §§ 155.05, 160.00). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt with regard to the robbery charge was not against the weight of the evidence *(see,* CPL 470.15 [5]). Further, the sentence imposed on the robbery conviction was neither harsh nor excessive under the circumstances *(see, People v Suitte,* 90 AD2d 80). The defendant's other contentions are without merit. Mangano, P. J., Lawrence, Rosenblatt and Miller, JJ., concur.