THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHAD HUGHES, Appellant. [735 NYS2d 383] —Judgment, Supreme Court, Bronx County (Frank Torres, J.), rendered March 26, 1998, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree (two counts) and unlawful possession of marihuana, and sentencing him, as a second felony offender, to concurrent terms of seven years, 3½ to 7 years, and 15 days, unanimously affirmed.

Defendant's suppression motion was properly denied. Defendant's false statement to the officer that he was "clean," made before *Miranda* rights were given, was admissible because the officer's brief question about whether defendant had any weapons or other dangerous items on his person was "intended to clarify the situation and not to elicit admissions" (*People v Adams*, 225 AD2d 506, *lv denied* 88 NY2d 932).

The court properly declined defendant's request for a charge on temporary and lawful possession, since "the evidence [was] utterly at odds with any claim of innocent possession" (*People v Williams*, 50 NY2d 1043, 1045). As noted, when the officer who arrested defendant for entering the subway without paying asked him whether he was carrying any weapons, defendant lied; such furtive conduct is not consistent with a purported intention to turn a gun over to the authorities (*People v Gonzalez*, 262 AD2d 1061, *lv denied* 93 NY2d 1018). Moreover, neither defendant nor any of his companions made any effort to call 911, and they made no attempt to go to a precinct that they knew to be nearer than the one to which they supposedly were traveling at the time of the arrest. The court properly excluded hearsay evidence concerning the intentions of defendant and irrelevant evidence of the intention of one of his

companions (*see, People v Neptune*, 264 AD2d 678, *lv denied* 94 NY2d 827). The court's charge on the concept of possession, viewed as a whole, conveyed the proper principles.

We perceive no basis for reduction of sentence.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Rosenberger, J. P., Ellerin, Wallach, Rubin and Marlow, JJ.