■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL SHEEHAN, Appellant. [838 NYS2d 83]—

Judgment, Supreme Court, New York County (Arlene Goldberg, J.), rendered December 14, 2005, convicting defendant, after a jury trial, of criminal possession of a weapon in the second and third degrees, and sentencing him to concurrent terms of 4½ years and 3 years, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The jury had ample basis upon which to apply the statutory presumption that defendant possessed a pistol with intent to use it unlawfully against another, and such application was not unconstitutional under the facts of the case (*see* Penal Law § 265.15 [4]; *People v Walcott*, 235 AD2d 368 [1997], *lv denied* 90 NY2d 898 [1997]). The jury could have reasonably concluded that even if defendant acquired the pistol by disarming another person, he then possessed it with the requisite unlawful intent, until the point when he discarded the weapon during an encounter with the police. The evidence also disproved defendant's defense of temporary lawful possession. Defendant's conduct in fleeing upon the approach of the police and then depositing the weapon in a garbage can was "utterly at odds with any claim of innocent possession" (*People v Williams*, 50 NY2d 1043, 1045 [1980]; *see also People v Banks*, 76 NY2d 799 [1990]; *People v Snyder*, 73 NY2d 900, 902 [1989]; *People v Hughes*, 289 AD2d 186 [2001], *lv denied* 98 NY2d 638 [2002]).

The People were under no obligation to stipulate that the pistol that defendant discarded during his encounter with the police had originated from the apartment where defendant claimed to have disarmed another person. There were two pistols involved in the incident at the apartment, and the hearsay statement in the People's possession, even if attributed to this other person, who had died prior to trial, did not clearly establish the origin of the particular pistol in question. There was nothing improper or prejudicial about the People's conduct with regard to this document.

We perceive no basis for reducing the sentence. Concur— Lippman, P.J., Mazzarelli, Marlow, Buckley and Malone, JJ.