=================================================================
This memorandum is uncorrected and subject to revision before
publication in the New York Reports.
-----------------------------------------------------------------
No. 147
The People &c.,
          Respondent,
        v.
John Rossi,
          Appellant.



          Jillian S. Harrington, for appellant.
          Kevin C. King, for respondent.




MEMORANDUM:

          The order of the Appellate Division should be affirmed.

          On July 11, 2009 at approximately 5:10 a.m., police

officers arrived at defendant's residence in response to a 911

call initiated by defendant's wife, who reported that defendant

had shot himself in the hand.  She was unable to tell the

- 1 -

officers the gun's whereabouts.

Two officers entered the residence and observed defendant standing at the end of a hallway, bleeding profusely from his hand. The officers drew their weapons and ordered defendant into the living room where one of the officers frisked him but found no weapon. Defendant's two children and a third child were in the residence. Although defendant said that he had been cleaning the gun when it discharged, he stated that he did not know where the gun was located. While an EMT was tending to defendant's wound, the officers searched the residence. A third officer began searching the backyard, eventually discovering a loaded gun near a shed. Defendant was charged with criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]).

At the suppression hearing, defendant argued that the search of his premises was unconstitutional because by the time the gun was discovered, the scene was secure and the emergency had ended. The People countered that the testimony established that for the protection of the children who may have come across the gun, the officers needed to secure it and did so contemporaneously with escorting the children from the residence. The suppression court ruled that the warrantless search for and recovery of the gun were lawful. After a jury trial, defendant was convicted as charged and, on appeal, challenged, among other things, the suppression ruling.

A divided Appellate Division affirmed (99 AD3d 947 [2d Dept 2012]).  The majority determined that "defendant's incoherence and evasive answers about the location of the gun and the presence of children on the premises, established an ongoing emergency and danger to life, justifying the search for and seizure of the gun" (id. at 950 [citations omitted]).  The court further concluded that the suppression testimony established that the officer searching the backyard was aware that other officers were searching the residence but "was not aware that the children were secure and out of danger" (id.).  The dissenting Justice asserted that although the initial entry into the house was justified in light of the information that defendant had shot himself and that emergency was extended when the officers learned that there were children in the house, "once the police frisked the defendant and knew that the children did not have the gun, the emergency abated" (id. at 953 [Chambers, J., dissenting]).  The dissenting Justice granted defendant leave to appeal.

Application of the "emergency doctrine" involves a mixed question of law and fact that is beyond this Court's review so long as there is record support for the findings of the courts below (see People v Doll, 21 NY3d 665, 671 [2013], rearg denied 22 NY3d 1053 [2014] and cert denied __ US __, 134 S Ct 1552 [2014]; People v McBride, 14 NY3d 440, 446 [2010], cert denied __ US __, 131 S Ct 327 [2010]).  The Appellate Division majority and dissent both applied the test set forth in People v Mitchell

(39 NY2d 173, 177-178 [1976], <u>cert</u> <u>denied</u> 426 US 953 [1976]) and reached conflicting conclusions as to when the emergency ceased. Because there is record support for the majority's conclusion that the search was lawful under the emergency exception, "'any further review is beyond this Court's jurisdiction'" (<u>People v Dallas</u>, 8 NY3d 890, 891 [2007], quoting <u>People v Molnar</u>, 98 NY2d 328, 335 [2002]).

Defendant's remaining contentions that his conviction was not based upon legally sufficient evidence and that prosecutorial misconduct deprived him of a fair trial are unpreserved. His claim of ineffective assistance of counsel is without merit.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order affirmed, in a memorandum. Chief Judge Lippman and Judges Graffeo, Read, Smith, Pigott, Rivera and Abdus-Salaam concur.

Decided October 16, 2014