■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYSHAUN JACOBS, Appellant. [9 NYS3d 133]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robbins, J.), rendered March 20, 2012, convicting him of robbery in the first degree (two counts) and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the verdict was repugnant because the jury found him guilty of robbery in the first degree and robbery in the second degree while acquitting him of murder in the second degree (felony murder) is unpreserved for appellate review, as he failed to raise this issue before the jury was discharged (*see People v Alfaro*, 66 NY2d 985, 987 [1985]; *People v Boley*, 116 AD3d 965, 966 [2014]; *People v Jackson*, 101 AD3d 1153 [2012]; *People v Shamsiddeen*, 98 AD3d 694 [2012]). In any event, the verdict was not repugnant. "[A] verdict is repugnant only if it is legally impossible—under all conceivable circumstances—for the jury to have convicted the defendant on one count but not the other" (*People v Muhammad*, 17 NY3d 532, 539-540 [2011]; *see People v DeLee*, 24 NY3d 603, 608 [2014]). In determining whether a verdict is legally repugnant, the court reviews "the elements of the offenses as charged to the jury without regard to the proof that was actu-

ally presented at trial" (*People v Muhammad*, 17 NY3d at 542; *see People v Tucker*, 55 NY2d 1, 4 [1981]). "If there is a possible theory under which a split verdict could be legally permissible, it cannot be repugnant, regardless of whether that theory has evidentiary support in a particular case" (*People v Muhammad*, 17 NY3d at 540; *see People v DeLee*, 24 NY3d at 608). Viewing the elements of the offenses as charged to the jury here, the acquittal on the count of murder in the second degree did not negate any of the elements of the robbery counts and, therefore, the verdict was not legally repugnant. To the extent that the defendant's claim is one of factual repugnancy, "factual repugnancy—which can be attributed to mistake, confusion, compromise or mercy—does not provide a reviewing court with the power to overturn a verdict" (*People v Muhammad*, 17 NY3d at 545; *see People v Abraham*, 22 NY3d 140, 146 [2013]; *People v Horne*, 97 NY2d 404, 413 [2002]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, without merit. Rivera, J.P., Austin, Cohen and Duffy, JJ., concur.