■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KATHERINE VARTHOLOMEOU, Appellant. [47 NYS3d 377]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered March 19, 2015, convicting her of endangering the welfare of a child (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the

evidence supporting her conviction of endangering the welfare of a child is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492-493 [2008]; *People v Gray*, 86 NY2d 10, 18-19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of that crime beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 349 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that she received ineffective assistance of counsel is without merit. The record does not support the defendant's contentions that trial counsel failed to present competent opening and closing statements, that he failed to adequately prepare witnesses, or that he failed to present a coherent theory of the case. Although there is merit to the defendant's contention that trial counsel did not highlight the fact that the People's proof of the defendant's mens rea consisted only of circumstantial evidence, the evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]). Under the circumstances of this case, that single omission was not sufficiently egregious and prejudicial as to compromise the defendant's right to a fair trial (*see People v Wright*, 25 NY3d 769, 779 [2015]; *People v Caban*, 5 NY3d 143, 152 [2005]; *People v Berroa*, 99 NY2d 134, 138-139 [2002]; *People v Henry*, 95 NY2d 563, 565-566 [2000]; *People v Flores*, 84 NY2d 184, 188 [1994]). Mastro, J.P., Dillon, Balkin and Maltese, JJ., concur.