People v Boykin (2018 NY Slip Op 01931)





People v Boykin


2018 NY Slip Op 01931


Decided on March 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
BETSY BARROS, JJ.


2015-10022
 (Ind. No. 14-00702)

[*1]The People of the State of New York, respondent, 
v
Connie L. Boykin, also known as Connie Boykin, appellant.


John P. Savoca, Yorktown, NY, for appellant.
David M. Hoovler, District Attorney, Middletown, NY (Andrew R. Kass of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Nicholas De Rosa, J.), rendered September 25, 2015, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt of criminal possession of a weapon in the third degree was not against the weight of the evidence (see CPL 470.15[5]; People v Romero, 7 NY3d 633). Contrary to the defendant's contention, his conduct was not consistent with innocent possession (see People v Banks, 76 NY2d 799, 800-801; People v Rossi, 99 AD3d 947, 951, affd 24 NY3d 968; People v Sheehan, 41 AD3d 335; see also People v Williams, 50 NY2d 1043, 1044-1045; People v Crawford, 96 AD3d 964; People v Hawkins, 258 AD2d 472). Moreover, the defendant's contention that the verdict was inconsistent and, thus, against the weight of the evidence, is without merit (see People v Kypri, 149 AD3d 980; see also People v Almodovar, 62 NY2d 126, 130; People v Messina, 209 AD2d 642, 643).
DILLON, J.P., AUSTIN, SGROI and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court