People v Brown (2018 NY Slip Op 05778)





People v Brown


2018 NY Slip Op 05778


Decided on August 15, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2015-05656
 (Ind. No. 3760/11)

[*1]The People of the State of New York, respondent,
v
Atiba Brown, appellant.


Paul Skip Laisure, New York, NY (Alan Chevat and David P. Greenberg of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Terrence F. Heller of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Albert Tomei, J.), rendered June 25, 2015, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention regarding the propriety of the jury verdict is unpreserved for appellate review, as he failed to raise this issue before the discharge of the jury (see People v Alfaro, 66 NY2d 985, 987; People v Satloff, 56 NY2d 745, 746; People v Jacobs, 128 AD3d 850, 850; People v Boley, 116 AD3d 965, 966), and, in any event, without merit.
The defendant's contention that the Supreme Court, by the sentence it imposed after trial, penalized him for exercising his right to a trial is unpreserved for appellate review (see People v Hurley, 75 NY2d 887, 888; People v Arnold, 139 AD3d 748, 750; People v Prince, 128 AD3d 987, 988). In any event, the record does not indicate any retaliation or vindictiveness against the defendant for electing to proceed to trial (see People v Seymore, 106 AD3d 1033, 1034; People v Griffin, 98 AD3d 688, 690).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CHAMBERS, J.P., SGROI, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court