People v Knight (2018 NY Slip Op 05866)





People v Knight


2018 NY Slip Op 05866


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2008-00972
2008-03700
 (Ind. No. 1752/04)

[*1]The People of the State of New York, respondent,
v
Jalah Knight, appellant.


Paul Skip Laisure, New York, NY, for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Danielle M. O'Boyle of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Richard L. Buchter, J.), rendered January 17, 2008, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence, and (2) a resentence of the same court imposed March 20, 2008.
ORDERED that the judgment and the resentence are affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to support the defendant's conviction of criminal possession of a weapon in the third degree. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt of criminal possession of a weapon in the third degree was not against the weight of the evidence (see CPL 470.15[5]; People v Romero, 7 NY3d 633, 643). Contrary to the defendant's contention, to the extent the jury chose to credit testimony that established that the defendant's conduct was not consistent with temporary and innocent possession of a firearm, there is no basis to disturb that determination (see People v Banks, 76 NY2d 799, 800-801; People v Boykin, 159 AD3d 917; People v Rossi, 99 AD3d 947, 951-952, affd 24 NY3d 968; People v Sheehan, 41 AD3d 335).
BALKIN, J.P., SGROI, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court