People v Richards (2020 NY Slip Op 05232)





People v Richards


2020 NY Slip Op 05232


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-03408
 (Ind. No. 142/16)

[*1]The People of the State of New York, respondent,
v
Tony Richards, appellant.


Paul Skip Laisure, New York, NY (Jenin Younes of counsel; Ryan Miller on the brief), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Michael J. Curtis of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Michael Aloise, J.), rendered March 5, 2018, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Gene Lopez, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
The defendant was charged with, inter alia, two counts of criminal possession of a weapon in the second degree. At a suppression hearing, the People presented evidence establishing that on January 13, 2016, police officers responded to a radio call alleging that a woman was being held at gunpoint in the basement of a Queens home. Upon arriving at the location, Police Officer Dennis Jaeger observed the victim through a basement window. She appeared to be frantic, and was holding a small child and waving at the officers. The officers pried the bars from the window, lifted the child and the victim out through the window, and moved them to a secure location. While the officers were removing the victim and the child from the basement, the victim was screaming, "He's got a gun. He's got a gun." She said that the person with the gun was named "Tony." At the direction of the officers present, three people, including the defendant, exited the house. The officers then went into the house to search for other occupants. At the bottom of the stairs to the basement, Officer Jaeger peered to the right into a boiler room and saw a firearm in plain view on top of a piece of furniture. He recovered the firearm and went outside. The victim identified the defendant as "Tony," and stated that the firearm was not the one that he had pointed at her. The next day, the police searched the house pursuant to a search warrant, but did not recover the firearm allegedly used to threaten the victim.
The defendant moved, inter alia, to suppress the recovered firearm on the ground that the search of the house was unlawful. After the suppression hearing, the Supreme Court denied that branch of the omnibus motion, finding that the search was lawful under the emergency exception to the constitutional warrant requirement.
At trial, Police Officer Richard Erney testified that, on the night of the incident, after the victim and the child were removed from the basement, he went to the side door of the house, and the defendant opened the door, saw the police, and ran down the basement stairs and to the right. Officer Erney testified that, three to five minutes later, the defendant came outside the house at the direction of the police. The People also presented evidence at trial that the firearm recovered from the basement was loaded and operable, and that the defendant's DNA was found thereon. The jury convicted the defendant of count 1, criminal possession of a weapon in the second degree based on knowing possession of a loaded operable firearm (Penal Law § 265.03[3]), but acquitted the defendant of count 2, criminal possession of a weapon in the second degree based on an intent to use a loaded firearm unlawfully (Penal Law § 265.03[1][b]). The defendant appeals.
The People met their burden at the suppression hearing of demonstrating the legality of the police conduct at the time that Officer Jaeger found the firearm (see People v Berrios, 28 NY2d 361, 367). Although "warrantless entries into a home are 'presumptively unreasonable'" (People v Molnar, 98 NY2d 328, 331, quoting Payton v New York, 445 US 573, 586), a warrantless search and seizure in a protected area may be lawful under some circumstances, pursuant to the emergency doctrine (see Bringham City, Utah v Stuart, 547 US 398, 403; People v Mitchell, 39 NY2d 173, 177-178). Here, the People established that the officers were confronted with an emergency situation in which there was an immediate need for their assistance for the protection of life, the search was not motivated by an intent to arrest and seize evidence, and there was a reasonable basis, approximating probable cause, to associate the emergency with the house searched (see People v Dallas, 8 NY3d 890, 891; People v Mitchell, 39 NY2d at 177-178; People v Rossi, 99 AD3d 947, 949-950, affd 24 NY3d 968). As the People established that the search of the house was primarily motivated by concerns for safety, this case presents no occasion to consider whether the officers' intent remains a factor under the New York State Constitution (see People v Rossi, 99 AD3d at 949-950; cf. People v Dallas, 8 NY3d at 891). Contrary to the defendant's contention, the exigency had not abated at the time that the officers entered the house, as the perpetrator was still unknown and it was still unknown whether other persons may have been at risk of injury and a danger still existed (see People v Stanislaus-Blache, 93 AD3d 740, 741-742; People v Desmarat, 38 AD3d 913, 915). Accordingly, we agree with the Supreme Court's determination to deny that branch of the defendant's omnibus motion which was to suppress the firearm.
The defendant's contention that his conviction of criminal possession of a weapon in the second degree pursuant to Penal Law § 265.03(3) was not supported by legally sufficient evidence is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492; People v Gray, 86 NY2d 10, 19). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish that the defendant knowingly possessed a loaded firearm in violation of Penal Law § 265.03(3). Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt as to that crime was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348; People v Romero, 7 NY3d 633).
The defendant's challenge to the Supreme Court's failure to provide a circumstantial evidence charge to the jury is unpreserved for appellate review, as the defendant did not request such a charge or object to the charge as given (see CPL 470.05[2]; People v Gardner, 164 AD3d 602, lv to appeal denied, 32 NY3d 1064; People v Joseph, 114 AD3d 878, 879). We decline to review this issue in the exercise of our interest of justice jurisdiction (cf. CPL 470.15[6][a]).
The defendant was not denied the effective assistance of counsel. Viewed in totality, the defendant's attorney provided meaningful representation (see People v Benevento, 91 NY2d 708, 712; People v Baldi, 54 NY2d 137, 147).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
SCHEINKMAN, P.J., BALKIN, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court