People v Smith (2020 NY Slip Op 05948)





People v Smith


2020 NY Slip Op 05948


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2018-06830
 (Ind. No. 390/17)

[*1]The People of the State of New York, respondent,
v
Antonio L. Smith, appellant.


Kristina Heuser, Locust Valley, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Jason R. Richards and Madeline Collins of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Terence P. Murphy, J.), rendered May 11, 2018, convicting him of tampering with physical evidence, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged with attempted murder in the second degree (Penal Law §§ 110.00, 125.25[1]), assault in the first degree (Penal Law § 120.10[1]), assault in the second degree (Penal Law § 120.05[2]), two counts of criminal possession of a weapon in the second degree (Penal Law §§ 265.03[1][b]; [3]), criminal possession of a weapon in the third degree (Penal Law § 265.02[1]), and tampering with physical evidence (Penal Law § 215.40[2]) based upon allegations that he shot the complainant outside of the defendant's home in Freeport. After a jury trial, the defendant was convicted of tampering with physical evidence and acquitted of the other counts. The defendant appeals.
The defendant's contention that the verdict was repugnant because the jury found him guilty of tampering with physical evidence, while acquitting him of all other charges, is unpreserved for appellate review because he failed to raise this issue before the trial court (see People v Alfaro, 66 NY2d 985, 987; People v Jacobs, 128 AD3d 850). In any event, the verdict was not repugnant. Viewing the verdict solely in terms of the elements of the offenses as charged to the jury (see People v Jacobs, 128 AD3d at 850-851), the acquittals on the counts of attempted murder in the second degree, assault in the first degree, assault in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree did not negate any of the elements of tampering with physical evidence.
The defendant failed to preserve for appellate review his challenge to the legal sufficiency of the evidence supporting his conviction of tampering with physical evidence (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of that crime beyond a reasonable doubt.
Contrary to the defendant's contention, the fact that the jury acquitted him of other charges related to the shooting does not render the jury's verdict convicting him of tampering with physical evidence against the weight of the evidence (see People v Zamfino, 160 AD3d 779). While the jury's acquittal of the defendant on other counts may be considered by this Court when exercising its factual review power (see People v Fisher, 104 AD3d 868, 869; People v Otway, 71 AD3d 1052, 1054; People v Franco, 11 AD3d 710, 711), the Court is "not required to assume the basis for any implied inconsistencies in such mixed verdicts" (People v Choi, 137 AD3d 808, 809; see People v Rayam, 94 NY2d 557, 563). Upon fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's remaining contention is unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit.
MASTRO, J.P., HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court