People v Rose (2021 NY Slip Op 00577)





People v Rose


2021 NY Slip Op 00577


Decided on February 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
PAUL WOOTEN, JJ.


2017-10490
 (Ind. No. 8643/16)

[*1]The People of the State of New York, respondent,
v
Khalfani Rose, appellant.


Paul Skip Laisure, New York, NY (Hannah Kon of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Keith Dolan, and Andrew S. Ayala of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ruth Shillingford, J.), rendered June 23, 2017, convicting him of criminal possession of a weapon in the second degree and tampering with physical evidence (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the facts, by vacating the defendant's conviction of criminal possession of a weapon in the second degree and the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.
On the afternoon of September 5, 2014, in the outdoor courtyard of an apartment building in Brooklyn, the defendant shot the decedent in the chest, killing him. The defendant testified that upon exiting the building and walking into the courtyard, he saw that the decedent was arguing with the defendant's brother. After seeing that the decedent was in possession of a firearm, the defendant struggled with the decedent, and the decedent knocked the defendant's eyeglasses off his face. The defendant tried to wrestle the gun away from the decedent, the gun fell to the ground, and both men dove to retrieve it. The defendant recovered the gun, the decedent charged at the defendant, and the defendant shot him.
The defendant then ran inside the building with the gun to look for his brother but he could not find him, returned to the courtyard, and seeing no one in the courtyard, returned to the building with the gun. The defendant unloaded the gun, wrapped the gun and the ammunition in his bloodied shirt, and discarded those items in the trash in a double trash bag. Those items were never recovered.
On September 16, 2017, the defendant was arrested and subsequently charged with murder in the second degree (Penal Law § 125.25[1]), criminal possession of a weapon in the second degree under the theory that he intended to use the firearm unlawfully against another (Penal Law § 265.03[1][b]), criminal possession of a weapon in the second degree under the theory that he possessed the firearm, not in his home or place of business (Penal Law § 265.03[3]), and two counts of tampering with physical evidence for disposing of the shirt and the firearm (Penal Law § [*2]215.40[2]). After a jury trial, the defendant was acquitted of murder in the second degree and criminal possession of a weapon in the second degree under the theory that he intended to use the firearm unlawfully against another. However, the jury convicted the defendant of criminal possession of a weapon in the second degree, under the theory that he possessed the firearm, not in his home or place of business, and convicted him of both counts of tampering with physical evidence.
The defendant contends that his convictions were against the weight of the credible evidence. There is no preservation requirement for weight-of-the evidence appellate review (see People v McFadden, 106 AD3d 1020, 1022, citing People v Mann, 63 AD3d 1372, 1373). In our view, the defendant's temporary possession of the gun did not constitute the crime of criminal possession of a weapon in the second degree (Penal Law § 265.03[3]).
As reflected by the fact that the jury acquitted the defendant of the murder charge, based upon the defense of justification, the defendant initially took possession of the gun with a valid legal excuse (see People v Banks, 76 NY2d 799, 800-801), and there is no evidence that the defendant retained the gun beyond opportunities to hand it over to the authorities (cf. People v Hawkins, 258 AD2d 472; People v Ortiz, 172 AD2d 696). The cases cited by our dissenting colleague are clearly distinguishable, involving situations where a defendant retained possession of a gun until it was found by the police (see People v Snyder, 73 NY2d 900, 902), retained access to the gun after hiding it in a secure location (see People v Williams, 50 NY2d 1043, 1045; People v Curry, 85 AD3d 1209, 1211), acted furtively when confronted by police with a weapon on his person (see People v Hughes, 289 AD2d 186), or disposed of the weapon during hot pursuit by the police (see People v Hicks, 110 AD3d 1488; People v Sheehan, 41 AD3d 335; People v Hawkins, 258 AD2d 472).
Indeed, our dissenting colleague acknowledges that turning the gun over to authorities is not an element of temporary and lawful possession (see People v Thomas, 172 AD2d 572; People v Whitehead, 123 AD2d 895). Here, the defendant retained the gun for a brief period while he looked for his brother, and, not finding him, unloaded the gun and disposed of it in the trash. At trial, when he was asked about his intention, the defendant responded, "[m]y intention this is not my gun. Why hold it." The evidence indicated that the defendant retained the gun for a sufficient time to dispose of it. The fact that he disposed of the gun without turning it into the authorities did not convert his temporary and lawful possession of the gun into illegal possession (see People v Pemberton, 144 AD2d 222; People v Montgomery, 106 AD2d 410).
However, as noted by our dissenting colleague, the defendant consciously disposed of the gun, along with his shirt, to rid himself of what he thought would be incriminating evidence. Thus, the defendant tampered with physical evidence believing it would be produced in an official proceeding or prospective official proceeding. Accordingly, the defendant's conviction of those crimes was supported by the weight of the credible evidence (see People v Smith, 187 AD3d 1068). That the evidence disposed of included a gun did not mean, a fortiori, that the defendant also committed criminal possession of a weapon in the second degree (see People v Pemberton, 144 AD2d 222; People v Montgomery, 106 AD2d 410).
It should be noted that in People v Pemberton (144 AD2d at 223), the defendant was acquitted after a nonjury trial of criminal possession of a weapon, after he disarmed a third party and then disposed of the gun without turning it over to the police. The basis for the acquittal was that "an intent to surrender a weapon to the police is not an essential element of the defense of temporary and lawful possession" (id.). The County Court nevertheless found the defendant guilty of criminal possession of a weapon for disposing of the gun with an intent to retrieve it, but that count was dismissed on double jeopardy grounds. Here, there was no evidence of an intent to retrieve the gun, after the defendant disposed of it, therefore the defendant's disposal of the gun did not vitiate his defense of temporary and innocent possession of a weapon.
Accordingly, we modify the judgment by vacating the defendant's conviction of criminal possession of a weapon in the second degree and the sentence imposed thereon.
In light of our determination, we need not reach the defendant's contention that the evidence was legally insufficient to support the conviction of criminal possession of a weapon in the second degree.
HINDS-RADIX, BARROS and WOOTEN, JJ., concur.
DILLON, J.P., concurs in part and dissents in part, and votes to affirm the judgment, with the following memorandum:
I respectfully dissent in part and vote to affirm the judgment of conviction appealed from.
The underlying facts of the appeal are as set forth by my colleagues in the majority and need not be repeated here.
The defendant was convicted of criminal possession of a weapon in the second degree pursuant to Penal Law § 265.03(3) and two counts of tampering with physical evidence pursuant to Penal Law § 215.40(2). The elements of criminal possession of a weapon in the second degree are the knowing possession of a loaded, operable firearm outside the possessor's home or place of business (Penal Law § 265.03[3]; see People v Cavines, 70 NY2d 882; People v Verni, 127 AD3d 887; People v Joyner, 126 AD3d 1002, 1006; People v Williams, 94 AD3d 779, 780). However, a person's temporary and innocent possession of a weapon is a defense where there is "a legal excuse for having the weapon . . . as well as facts tending to establish that, once possession has been obtained, the weapon ha[s] not been used in a dangerous manner" (People v Williams, 50 NY2d 1043, 1045). The burden of proof is not on the defendant to show that the possession of the weapon was innocent, but for the People to prove that the defendant knowingly possessed the loaded weapon and that the possession was not innocent (see People v Holes, 118 AD3d 1466, 1467). Although having an intent to turn the weapon over to lawful authorities is not an element of the innocent possession defense (see People v Whitehead, 123 AD3d 895, 896), a defendant's retention of a weapon beyond opportunities to hand it over to authorities is inconsistent with a claim of innocent possession (see People v Williams, 50 NY2d at 1045; People v Craig, 117 AD3d 1485; People v Smith, 63 AD3d 1655; People v Hawkins, 258 AD2d 472; see generally People v Williams, __ NY3d __, 2020 NY Slip Op 07664).
Here, the defendant wrapped the firearm and unloaded ammunition in a bloody T-shirt that he had been wearing during the shooting, and discarded the shirt, firearm, and ammunition into multiple trash bags. He then threw the trash bags in the basement incinerator in the hope that they would be taken away. While the defendant's conduct of disposing of his shirt, the firearm, and the ammunition supported his conviction of two counts of tampering with physical evidence (see People v Bussey, 295 AD2d 444), the same conduct was independently relevant to his conviction of criminal possession of a weapon in the second degree under Penal Law § 265.03(3).
The defendant concedes that his contention regarding insufficiency of the evidence, based upon the People's failure to prove that the weapon possession was not temporary and innocent, is unpreserved for appellate review (see CPL 470.05[2]). In any event, the contention is without merit. The defendant's trial testimony demonstrates that after the shooting, he walked into the building with the weapon, then returned with the weapon to the outdoor courtyard with the intention of leaving it outside with its "owner," but then brought the weapon back into the building because he "had to get rid of the gun," whereupon the defendant wrapped, double-bagged, and disposed of it in the incinerator. The defendant concealed the weapon behind his back as he walked into the building, to avoid startling passers-by. The defendant never surrendered the firearm, ammunition, or shirt to the police when they arrived at the scene, and did not notify them of the existence of those items in any way or at any time thereafter, despite ample opportunity to do so, for what he described in trial testimony as a fear of being arrested. Based on this uncontested evidence, there is a valid line of reasoning and permissible inferences by which the jury could rationally conclude (see People v Bleakley, 69 NY2d 490, 495; People v Contes, 60 NY2d 620, 621) that the defendant knowingly and voluntarily possessed the weapon in a manner and place that violated Penal Law § 265.03(3), [*3]inconsistent with a claim of temporary and innocent possession (see People v Snyder, 73 NY2d 900, 902 [retaining gun overnight after taking it during an altercation]; People v Williams, 50 NY2d at 1045 [secreting gun in a hiding place]; People v Sheehan, 41 AD3d 335, 335 [depositing the weapon in a garbage can was "utterly at odds with any claim of innocent possession"]; People v Hughes, 289 AD2d 186 [furtive conduct is inconsistent with innocent possession]; People v Hawkins, 258 AD2d at 472 [attempted disposal of the weapon inconsistent with innocent possession]; People v Curry, 85 AD2d 1209, 1211 [weapon hidden]).
The defendant also challenges his conviction based on the weight of the evidence. It is here where I depart from the conclusion reached by the majority that the defendant's conviction of criminal possession of a weapon in the second degree was against the weight of the credible evidence. In conducting a review of evidentiary weight, the court must first decide whether an acquittal would not have been unreasonable, and if so, then decide based upon the weight of the credible evidence, whether the jury was justified in finding the defendant guilty beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 348). In doing so, the court must consider the elements of the crime (see id. at 349) and weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that be drawn from it (see People v Bleakley, 69 NY2d at 495). Great deference is to be accorded to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 409; People v Bleakley, 69 NY2d at 495).
Here, the facts of the case, including those described by the defendant's own trial testimony indicating his intent to avoid arrest, and his furtive disposal of the weapon, ammunition, and bloody shirt, are not in dispute. In my view, there is no innocent possession of the weapon because the evidence indisputably shows that the defendant, by his trial testimony, "had to get rid of the gun" for fear of being arrested. He therefore consciously schemed to dispose of the weapon, and acting upon that scheme, rid himself of incriminating evidence that could potentially be used against him regarding the earlier shooting. Because these matters are not in dispute, this is not a case that lends itself to a typical weight-related examination of conflicting testimonies or inferences (see People v Brown, 164 AD3d 596, 597).
The majority bases its reversal of the weapon possession conviction on its view that there was no evidence that the defendant retained the gun beyond opportunities to hand it over. In doing so, the majority takes an argument that is quintessentially one of sufficiency of the evidence, which looks to the quantum of legal proof and which is both unpreserved and without merit here, and conflates it with weight of the evidence, which balances the quality of competing evidentiary inferences. In my view, based on the facts that are known and uncontested at trial and not subject to conflicting inferences, the defendant's conviction of criminal possession of a weapon in the second degree was not against the weight of the credible evidence. In similar cases, where defendants have taken weapons from victims or assailants during encounters and then hidden or disposed of the weapons to avoid their discovery by police, convictions involving the defense of temporary or innocent possession have routinely survived weight of the evidence review (see People v Hicks, 110 AD3d 1488 [weapon disposed of in a garbage can while avoiding police]; People v Sheehan, 41 AD3d at 335 [depositing the weapon in a garbage can]; People v Hawkins, 258 AD2d at 472 [attempted disposal of the weapon after altercation]; People v Curry, 85 AD2d at 1211 [weapon hidden]).
Until now, there appears to be no reported appellate case where a defendant who has furtively hidden or disposed of a weapon has succeeded in reversing a weapons possession conviction on weight of the evidence grounds. The majority cites none because there are none. Any reliance upon People v Montgomery (106 AD2d 410) and People v Pemberton (144 AD2d 222) to suggest that the defendant's conviction was against the weight of the evidence, is unwarranted. In Montgomery, this Court reversed the judgment of conviction not on weight of the evidence, but on the ground that the trial court erred in refusing to charge the jury as to temporary and innocent possession. In Pemberton, the defendant was accused of possessing a weapon on two separate occasions, but only "secreted" the weapon, a gun, on the second such occasion. The Appellate Division, Third Department, reversed the defendant's conviction of criminal possession of a weapon [*4]in the fourth degree as to the "second" possession, not because the weight of the evidence demonstrated the temporary and innocent possession of that gun, but because the defendant had already been convicted for the same possession in another county, thus rendering his later prosecution for it violative of double jeopardy (see People v Pemberton, 144 AD2d at 223). Here, the majority's conclusion that reversal of the judgment is warranted on weight of the evidence grounds is unsupported by any factually similar decisional authorities where defendants, such as the defendant in this case, undertook efforts to conceal weapons they had possessed for the admitted purpose of protecting oneself from potential shooting-related criminal charges.
The defendant's contentions challenging his conviction of two counts of tampering with physical evidence are without merit.
Accordingly, I vote to affirm the judgment of conviction, consistent with precedent.
ENTER:
Aprilanne Agostino
Clerk of the Court