People v Loncke (2025 NY Slip Op 07409)

People v Loncke

2025 NY Slip Op 07409

Decided on December 31, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
HELEN VOUTSINAS
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2019-14563
 (Ind. No. 17/18)

[*1]The People of the State of New York, respondent,
vAundrae Loncke, appellant.

Patricia Pazner, New York, NY (David Fitzmaurice and Wilmer Cutler Pickering Hale and Dorr LLP [Nicholas Werle, Peter G. Neiman, and Nicole Castillo], of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Anthea H. Bruffee, and Sawyer White of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Laura R. Johnson, J.), rendered November 18, 2019, convicting him of attempted assault in the first degree, criminal possession of a weapon in the second degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the defendant's motion to controvert a search warrant and to suppress physical evidence seized in the execution thereof.
ORDERED that the judgment is affirmed.
The defendant's contention that the indictment should be dismissed as fruit of the poisonous tree of the illegal stop of the defendant leading to his arrest for the instant offenses is unpreserved for appellate review and, in any event, without merit, as the evidence against the defendant, including surveillance video, was not fruit of the illegal stop. Further, the Supreme Court properly denied the defendant's motion to controvert a search warrant that was based upon a witness's sworn testimony and to suppress physical evidence seized in the execution thereof (see People v Huginnie, 225 AD3d 894, 895). Contrary to the defendant's contention, the parties did not enter into a stipulation to exclude evidence secured pursuant to the search warrant (see CPL 710.60[2][b]; People v White, 73 NY2d 468, 475-476).
Further, photographs and messages from the defendant's Facebook account were properly authenticated through testimony of a Facebook representative linking the Facebook unique identifier to both the username and vanity name provided when the account was created (see People v Kingsberry, 194 AD3d 843, 844; People v Franzese, 154 AD3d 706, 706-707).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and [*2]observe demeanor (see People v Bleakley, 69 NY2d 490, 495; People v Silverstein, 236 AD3d 827, 829). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15[5]; People v Romero, 7 NY3d 633, 643-644).
The defendant's contention that he was deprived of a fair trial based on several instances of alleged prosecutorial misconduct is mostly unpreserved for appellate review (see CPL 470.05[2]). In any event, none of the alleged prosecutorial misconduct deprived the defendant of a fair trial (see People v Moron, 237 AD3d 973, 974; People v DiValentino, 154 AD3d 872, 873).
The defendant's contention that the jury instructions with respect to circumstantial evidence were improper is unpreserved for appellate review, since defense counsel did not object to the instructions as given and informed the Supreme Court at a charge conference that the proposed instructions were "fine" (see CPL 470.05[2]; People v Hengjun Chao, 217 AD3d 777, 779; People v Richards, 186 AD3d 1720, 1723). We decline to review this issue in the exercise of our interest of justice jurisdiction (cf. CPL 470.15[6][a]). The defendant's contention that he received ineffective assistance of counsel is without merit. The evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, reveal that defense counsel provided meaningful representation (see People v Baldi, 54 NY2d 137, 147; People v Vartholomeou, 147 AD3d 875, 876).
BARROS, J.P., VOUTSINAS, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court