■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH LIGHT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered September 22, 1989, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and the facts, the indictment is dismissed, and the matter is remitted to the Supreme Court, Richmond County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The evidence adduced at trial established that on the afternoon of December 21, 1987, the defendant drove past the home of the decedent, with whom he was acquainted, and saw a car belonging to a friend of the decedent parked in front. In an effort to get the attention of the decedent's friend, the defendant blew his car horn. The decedent apparently took exception to the defendant's conduct, and ran out from a wooded area located behind his house, screaming and yelling at the defendant. The defendant got out of his car, leaving the door open, and the two argued for a few minutes. Some

pushing ensued, and then the decedent struck the defendant in the head with a blackjack that he had pulled from his back pocket. The defendant put his hands to his head and fell back into the car. The decedent continued to stand over the defendant yelling at him and when the defendant emerged, he had a knife in his hand. The two continued to struggle, and they both fell to the ground. The decedent's friend, who witnessed the altercation, tried to separate the two, but was unsuccessful. At this point, the decedent was screaming and fighting. The fracas ended when the participants rose from the ground and separated, with the defendant running to his car and the decedent running home. The decedent, who received a total of four stab wounds, one to the chest, one to the leg, and two in his back, was taken to the hospital, where he subsequently died.

The defense proffered at trial was that of justification, a defense that the People bear the burden of disproving beyond a reasonable doubt (see, Penal Law §§ 25.00, 35.00; *People v Reed*, 40 NY2d 204, 209). As the trial court properly charged the jury, the defendant was not the initial aggressor. In fact, he had been attacked with a weapon which is defined in the Penal Law as deadly (see, Penal Law § 10.00 [12]). Thus, in order to meet their burden of proof, the People were required to establish beyond a reasonable doubt that the defendant knew that he could, with complete safety to himself, retreat and thereby obviate the need to use deadly physical force to defend himself (see, Penal Law § 35.15 [2] [a]; *People v Rodriguez*, 111 AD2d 879). Viewing the evidence in the light most favorable to the People (see, *People v Contes*, 60 NY2d 620), we conclude that the People failed to meet that burden. Moreover, even if the evidence were legally sufficient, we would conclude, upon the exercise of our factual review power, that the verdict of guilt was against the weight of the evidence (see, CPL 470.15 [5]).

The knife wounds inflicted upon the decedent, only one of which penetrated an internal organ, did not seem to impair his ability to continue the fight. In fact, the only evidence that even remotely indicated that the defendant may have been able to retreat is the testimony of the decedent's friend to the effect that he tried to get the defendant "off of" the decedent. However, that witness further explained that the two combatants were lying sideways on the ground, that when he pulled at the defendant, the decedent "was coming up", and that the decedent, who was apparently still armed with his blackjack, continued to fight back. Tellingly, no defensive wounds were

sustained by the decedent. Thus, the equivocal testimony of the decedent's friend was simply an insufficient basis for a rational trier of fact to have found beyond a reasonable doubt that the defendant knew that he could have retreated with complete safety. Accordingly, the People failed to establish the defendant's guilt of manslaughter in the first degree beyond a reasonable doubt.

In view of the foregoing, we find it unnecessary to reach the defendant's remaining assertions, including those raised by him in his supplemental *pro se* brief. Brown, J. P., Eiber, Rosenblatt and Ritter, JJ., concur.