■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JUNIOUS WILSON, Respondent. [645 NYS2d 498]

The People contend that the County Court erred in dismiss-

ing the indictment charging the defendant with criminal possession of a weapon in the third degree based upon the prosecutor's failure to instruct the jury on the defense of temporary and innocent possession of the weapon. We agree. It is well settled that a prosecutor should instruct the Grand Jury on any complete defense supported by the evidence which has the potential " ' "for eliminating a needless or unfounded prosecution" ' " (*People v Mitchell,* 82 NY2d 509, 514; *People v Lancaster,* 69 NY2d 20, 27; *People v Hosein,* 221 AD2d 563). Here, however, the defendant testified before the Grand Jury that he was riding his bicycle through the streets of North Amityville with a loaded .22 caliber pistol concealed in his jacket because he intended to return the weapon to an acquaintance who could be located in a "gambling house". Although the defendant maintained that he was attempting to assist his girlfriend by removing the gun from her home, there is no evidence that the defendant's acquaintance was licensed to possess the weapon, and the defendant admittedly had no intention of surrendering the gun to the police at any time. This evidence is " ' "utterly at odds with any claim of innocent possession" ' " (*People v Banks,* 76 NY2d 799, 801) and thus, under these circumstances, an instruction on the defense of innocent possession was not warranted (*see also, People v Williams,* 50 NY2d 1043; *People v Kouvaras,* 197 AD2d 638; *cf., People v Thomas,* 172 AD2d 572; *People v Whitehead,* 123 AD2d 895). Bracken, J. P., Thompson, Krausman and Goldstein, JJ., concur.