■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v TERRENCE RIVERS, Respondent. [751 NYS2d 28] —Order, Supreme Court, Bronx County (Richard Price, J.), entered April 3, 2002, granting defendant's motion to dismiss those counts of indictment No. 2667/01 charging him with murder in the second degree (intentional) and manslaughter in the first degree and indictment No. 54934/01 charging him with murder in the second degree (depraved indifference) with leave to re-present, unanimously reversed, on the law, the motion denied and the indictments reinstated.

The grand jury evidence showed that on May 18, 2001, at about 8:40 A.M., a man, later identified as James Roberson, with traffic stopped at a traffic light at an exit ramp off the Major Deegan Expressway to the Macombs Dam Bridge, rushed up to the driver's side of a Ford Tahoe, stopped halfway up the ramp. Roberson stopped for a few seconds, a gunshot rang out and Roberson fell to the ground near the Ford Tahoe. When a lieutenant in the New York City Fire Department who was on his way to work responded, the driver of the Ford Tahoe, later determined to be defendant, stated that the man had been "f.....g with him," had accused him of "f.....g his wife" and that

the man had stopped his car in front of him and "began to menace him." When the lieutenant, observing that the fallen man had a hole in his head, said to the driver, "You shot him," defendant acknowledged that he had. The lieutenant asked other drivers to call 911 and defendant stated that he already had. When one of the responding police officers asked what had happened, defendant answered that Roberson had been harassing him and that he had "made a lot of problems on [Roberson]," so he shot him. When asked where the gun was, defendant answered that it was in the center console, from which the officer recovered it. The victim died that evening at a hospital of a gunshot wound that perforated his brain.

At the first grand jury presentation, the Assistant District Attorney, after defining the five crimes charged, without any prefatory explanation, charged the justification defense and read Penal Law § 35.15 (1) (a) and (b) and (2) (a). At the second presentation, the Assistant instructed on the elements of depraved indifference and asked the grand jurors to consider the defense of justification, reading Penal Law § 35.15 (1) (a) and (b) as well as subdivision (2). The motion court granted defendant's motion to inspect the grand jury minutes and dismissed the homicide counts on the ground that the People had inadequately instructed the grand jury on the defense of justification. Specifically, the court determined that the prosecutor failed to inform the grand jury as to how to apply the statutory language to the specific charges or explain that the defense of justification requires a two-part analysis: the defendant's subjective state of mind in using deadly force and the objective reasonableness of defendant's conduct. We reverse.

As the record of each of the presentations shows, the evidence before the grand jury established that defendant shot the unarmed victim in the head at point-blank range and killed him. There was not a scintilla of evidence that the deceased was using or about to use deadly force, or that defendant had any reason to believe that such was the case. A person is not entitled to use deadly physical force upon another person unless he or she "reasonably believes that such other person is using or about to use deadly physical force" (Penal Law § 35.15 [2] [a]). "Deadly physical force" is defined as "physical force which, under the circumstances in which it is used, is readily capable of causing death or other serious physical injury" (Penal Law § 10.00 [11]). The failure to charge justification constitutes reversible error only when the defense is "supported by a *reasonable* view of the evidence—not by any view

of the evidence, however artificial or irrational" (*People v Butts*, 72 NY2d 746, 750). Here, viewing the evidence in the light most favorable to defendant, a charge on justification was not required because no reasonable view of the evidence supports it.

Despite the absence of any evidence warranting such a charge, the prosecutor nevertheless gave a justification charge. It is well established that a prosecutor is not required to charge a grand jury with the same precision as a petit jury (*People v Goetz*, 68 NY2d 96, 115; *People v Valles*, 62 NY2d 36, 38). By having the grand jury charged on justification, defendant received more than that to which he was entitled. To use this windfall as a rationale to void the indictment turns justice on its head. Concur—Mazzarelli, J.P., Andrias, Buckley and Sullivan, JJ. [*See* 191 Misc 2d 411.]