■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JING XIONG, Also Known as JING KELLY, Appellant. [832 NYS2d 646]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered May 4, 2004, convicting her of custodial interference in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of custodial interference in the second degree after she absconded to China with her infant son in violation of a lawful order granting temporary custody to the father's sister. On appeal, the defendant argues, inter alia, that the court erred in denying her request to charge the jury concerning the "choice of evils" justification defense set forth in Penal Law § 35.05 (2). We affirm.

In relevant part, Penal Law § 35.05 (2) provides that "conduct which would otherwise constitute an offense is justifiable and not criminal when . . . [s]uch conduct is necessary as an emergency measure to avoid an imminent public or private injury which is about to occur by reason of a situation occasioned or developed through no fault of the actor, and which is of such gravity that, according to ordinary standards of intelligence and morality, the desirability and urgency of avoiding such injury clearly outweigh the desirability of avoiding the injury sought to be prevented by the statute defining the offense in issue" (see People v Maher, 79 NY2d 978 [1992]; People v Craig, 78 NY2d 616 [1991]). The requirement that the conduct be necessary as an emergency measure to avoid the injury "contemplates conduct which is not only warranted by the circumstances as an emergency response but is also reasonably calculated to have an actual effect in preventing the harm. It rules out conduct that is tentative or only advisable or preferable or conduct for which there is a reasonable, legal alternative course of action" (People v Craig, 78 NY2d 616, 623 [1991]). The requirement that the impending injury be imminent and about to occur requires "impending harm which constitutes a present, immediate threat—i.e., a danger that is actual and at hand, not one that is speculative, abstract or remote" (People v Craig, supra at 624). If, on any reasonable view of the evidence, a jury might find that a defendant's actions were justified, the failure to charge the defense constitutes reversible error (see People v Maher, supra). Here, no reasonable view of the evidence supported such a charge.

In this case, in the absence of any evidence of a present, im-

mediate threat to the infant, the defendant's absconding to China was not a necessary emergency response to a situation for which there was no reasonable, legal alternative course of action. To the contrary, the defendant's flight, which was prompted by her belief that, in general, the infant was not being properly cared for by the father's sister, was the result of careful, advance planning. For example, although the defendant was required to surrender her passport as a condition of unsupervised visitation, she obtained a new one more than a week before her flight based on her false assertion that her existing passport had been misplaced. Further, several days before she absconded, the defendant sought unsuccessfully to extend the hours of visitation from three hours to five hours. Finally, she purchased her tickets a day in advance for a flight leaving approximately 10 minutes after her visitation was scheduled to end. In sum, the trial court properly denied the defendant's request for a justification charge.

The defendant's remaining contentions are not preserved for appellate review. Miller, J.P., Spolzino, Ritter and Dillon, JJ., concur.