*876 A grand jury indicted the defendant on counts of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and criminal possession of a weapon in the fourth degree. In an order dated October 16, 2009, the County Court, upon reviewing the grand jury minutes pursuant to a stipulation in lieu of motions, dismissed the indictment, with leave to re-present the matter to a new grand jury. The court concluded that the grand jury proceeding was defective within the meaning of CPL 210.35 (5) based on the prosecutor’s failure to instruct the grand jury on the defense of temporary and lawful possession of a weapon. Thereafter, in an order dated April 30, 2010, the same court, upon reargument, adhered to its determination in the order dated October 16, 2009.
Contrary to the People’s contention, the County Court did not err in dismissing the indictment. “[A] prosecutor should instruct the Grand Jury on any complete defense supported by the evidence which has the potential for eliminating a needless or unfounded prosecution” (People v Wilson, 228 AD2d 708, 709 [1996] [internal quotation marks omitted]; see People v Mitchell, 82 NY2d 509, 514 [1993]; People v Lancaster, 69 NY2d 20, 26-27 [1986], cert denied 480 US 922 [1987]; People v Valles, 62 NY2d 36, 38 [1984]). Under the circumstances of this case, an instruction on the defense of temporary and lawful possession was warranted. The prosecutor’s failure to instruct the grand jury on that defense impaired the integrity of that body (see CPL 210.35 [5]; cf. People v Malan-Pomaeyna, 72 AD3d 988 [2010]; People v Samuels, 12 AD3d 695, 698-699 [2004]). Skelos, J.P., Balkin, Lott and Hinds-Radix, JJ., concur.