Judgment, Supreme Court, New York County (Lewis Bart Stone, J.), rendered June 22, 2010, convicting defendant, after a jury trial, of murder in the second degree, robbery in the first degree (three counts) and robbery in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 25 years to life, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury’s determinations concerning credibility and identification. The testimony of an eyewitness and a cooperating accomplice was corroborated by other evidence, including a surveillance videotape and telephone records of defendant and his accomplices from the night of the robbery.
The court properly found that the cooperating accomplice’s photo identification of defendant as a fellow participant in the crime was confirmatory (see People v Rodriguez, 79 NY2d 445 [1992]). The circumstances provided assurance that the identification was not the product of police suggestion (see People v Breland, 83 NY2d 286, 294 [1994]).
The court properly exercised its discretion in denying defendant’s motion to preclude, on the ground of belated disclosure, records showing the location where certain cell phone calls were made. The People disclosed these records as soon as they received them, which was on the day before opening statements. Additional time to review the records would have been a more appropriate remedy for any surprise to defendant, but defendant requested no relief other than the drastic sanction of preclusion (see People v Jenkins, 98 NY2d 280, 284 [2002]).
Defendant did not preserve his claim that the integrity of the *613 grand jury proceeding was impaired because the cooperating accomplice admitted at trial that a portion of his grand jury testimony was false, and we decline to review it in the interest of justice. Defendant’s generalized reference in his pretrial omnibus motion to the People’s failure to strictly comply with the provisions of CPL article 190 was insufficient to preserve this claim (see People v Brown, 81 NY2d 798 [1993]), and in any event it could not preserve an issue that did not ripen until the witness testified at trial. As an alternative holding, we find no basis for dismissing the indictment (see People v Williams, 7 NY3d 15, 21 [2006]).
We perceive no basis for reducing the sentence. Concur— Tom, J.P, Friedman, Saxe, Richter and Clark, JJ.