■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GIDEON FORDE, Appellant. [34 NYS3d 477]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered April 30, 2013, convicting him of manslaughter in the first degree, assault in the second degree, aggravated criminal contempt, resisting arrest, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the defendant's conviction of assault in the second degree to assault in the third degree, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for sentencing on the conviction of assault in the third degree.

The defendant was convicted of, inter alia, assault in the second degree under Penal Law § 120.05 (9), which provides that a person is guilty of that crime when, "[b]eing eighteen years old or more and with intent to cause physical injury to a person less than seven years old, the defendant causes such injury to such person." Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish that the infant victim sustained a physical injury (*see People v Chiddick*, 8 NY3d 445, 447 [2007]). However, we agree with the defendant that the evidence was not legally sufficient to establish that the defendant was 18 years old or more when the crime was committed, as the People adduced no evidence from which the jury could make a determination as to the defendant's age (*see People v Blodgett*, 160 AD2d 1105, 1106 [1990]). Accordingly, we modify the judgment by reducing the defendant's conviction of assault in the second degree to assault in the third degree pursuant to Penal Law § 120.00 (1), which does not include the age of the defendant as an element.

The defendant failed to preserve for appellate review his contention that certain remarks by the prosecutor in summation deprived him of a fair trial (*see* CPL 470.05 [2]; *People v Paul*, 82 AD3d 1267, 1268 [2011]). In any event, while the prosecutor made an isolated remark that improperly commented on the defendant's pre-arrest silence at the time that the police arrived on the scene (*see People v Spinelli*, 214 AD2d 135, 139-140 [1995]), the impropriety was not so flagrant or pervasive as to deprive the defendant of a fair trial (*see People v Thompson*, 125 AD3d 899, 900 [2015]; *People v Ward*, 106 AD3d 842 [2013]; *People v Philbert*, 60 AD3d 698 [2009]; *People v Almonte*, 23 AD3d 392 [2005]).

The defendant failed to preserve for appellate review his contention that the Supreme Court improperly considered a charge he was acquitted of as a basis for the sentence imposed (*see People v Harris*, 101 AD3d 900 [2012]). In any event, the contention is without merit. Moreover, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 83 [1982]).

The defendant's contention, raised in his pro se supplemental brief, that the grand jury should have been instructed on the defense of justification is unpreserved for appellate review, since the defendant, whose testimony before the grand jury provided the only possible basis for a justification defense, failed to move to dismiss the indictment on that specific ground (*see People v Brown*, 81 NY2d 798, 799 [1993]; *People v Delvalle*, 114 AD3d 612, 613 [2014]). In any event, "[t]he failure to charge justification constitutes reversible error only when the defense is 'supported by a *reasonable* view of the evidence—not by any view of the evidence, however artificial or irrational'" (*People v Rivers*, 300 AD2d 63, 64-65 [2002], quoting *People v Butts*, 72 NY2d 746, 750 [1988]). Viewing the evidence before the grand jury in the light most favorable to the defendant, there was no reasonable view of the evidence that supported a justification charge.

Contrary to the defendant's contention, raised in his pro se supplemental brief, the testimony of the decedent's wife that the decedent said, "yes, he stabbed me," when she asked whether he was hurt, was properly admitted as an excited utterance (*see People v Edwards*, 47 NY2d 493, 497 [1979]).

The defendant's contention, raised in his pro se supplemental brief, that the evidence was not legally sufficient to support the intent element of his conviction of manslaughter in the first degree is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish that the defendant intended to cause serious injury to the decedent (*see* Penal Law § 125.20 [1]).

Finally, in fulfilling our responsibility to conduct an independent review of the weight of the evidence, as requested by the defendant in his pro se supplemental brief (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to the crimes of manslaughter in the

first degree and endangering the welfare of a child was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Moreover, we are also satisfied that the jury's finding that the People established the elements of assault in the second degree, other than the defendant being 18 years old or more, was not against the weight of the evidence. Balkin, J.P., Hall, Barros and Connolly, JJ., concur.