People v Jimenez (2020 NY Slip Op 07223)





People v Jimenez


2020 NY Slip Op 07223


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2019-08487
 (Ind. No. 146/09)

[*1]The People of the State of New York, appellant,
v
Luis Jimenez, respondent.


Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nicoletta J.
Caferri, Sharon Y. Brodt, and Kathryn Schultz of counsel), for appellant.
Janet E. Sabel, New York, NY (Steven R. Berko of counsel), for respondent.



DECISION & ORDER
Appeal by the People from an order of the Supreme Court, Queens County (John F. Zoll, J.), dated June 18, 2019. The order, upon reargument, adhered to so much of the original determination in an order of the same court dated May 3, 2019, as, upon reviewing the grand jury minutes, dismissed the indictment on the ground that the grand jury proceeding was defective within the meaning of CPL 210.35(5), with leave to re-present the matter to a new grand jury.
ORDERED that the order dated June 18, 2019, is reversed insofar as appealed from, on the law, so much of the original determination in the order dated May 3, 2019, as granted that branch of the defendant's omnibus motion which was to dismiss the indictment is vacated, that branch of the defendant's omnibus motion which was to dismiss the indictment is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.
The defendant was arrested for striking a small dog named Gigi with a stick and causing serious injuries to the animal, including bleeding, a facial fracture, and vision loss to the right eye. The incident took place during an altercation between the defendant and another male. According to certain video surveillance footage of the incident, shortly before the defendant struck the dog, the other person involved in the altercation walked away from the defendant. Family members of that person were present at the scene. An uncle of that individual appeared to be holding the defendant when the dog approached the defendant's leg and the defendant, who appeared to be wearing denim pants or jeans, struck the animal. Before the grand jury, the defendant testified that the dog was "trying" to bite him or was "bitting [sic] [his] pants." The defendant, who admittedly was not "really scared" of the dog, stated that he "mistakenly" hit the dog because the other person's uncle was attempting to remove the stick and that he did not "really mean to hit the dog."
A grand jury returned an indictment against the defendant charging him with criminal mischief in the second degree (Penal Law § 145.10), aggravated cruelty to animals (Agriculture and Markets Law § 353-a), and overdriving, torturing or injuring an animal (Agriculture and Markets Law § 353). In an omnibus motion, the defendant moved, inter alia, to dismiss the indictment on the ground that the grand jury proceedings were defective. In an order dated May 3, 2019, the Supreme Court, inter alia, upon reviewing the grand jury minutes, dismissed the indictment, with [*2]leave to re-present the matter to a new grand jury. The court concluded that the grand jury proceeding was defective within the meaning of CPL 210.35(5) based on the prosecutor's failure to instruct the grand jury on the defense of justification. The People moved for leave to reargue. In an order dated June 18, 2019, the court granted reargument and adhered to so much of the original determination as dismissed the indictment. The People appeal. We reverse.
"'[A] prosecutor should instruct the Grand Jury on any complete defense supported by the evidence which has the potential for eliminating a needless or unfounded prosecution'" (People v Grant, 113 AD3d 875, 876, quoting People v Wilson, 228 AD2d 708, 709). "The failure to charge justification constitutes reversible error only when the defense is 'supported by a reasonable view of the evidence—not by any view of the evidence, however artificial or irrational'" (People v Rivers, 300 AD2d 63, 64-65, quoting People v Butts, 72 NY2d 746, 750; see People v Forde, 140 AD3d 1085, 1087).
Penal Law § 35.05(2) provides that "conduct which would otherwise constitute an offense is justifiable and not criminal when . . . [s]uch conduct is necessary as an emergency measure to avoid an imminent public or private injury which is about to occur by reason of a situation occasioned or developed through no fault of the actor, and which is of such gravity that, according to ordinary standards of intelligence and morality, the desirability and urgency of avoiding such injury clearly outweigh the desirability of avoiding the injury sought to be prevented by the statute defining the offense in issue." The requirement that the impending injury must be imminent and about to occur denotes an "impending harm which constitutes a present, immediate threat—i.e., a danger that is actual and at hand, not one that is speculative, abstract or remote" (People v Craig, 78 NY2d 616, 624; see People v Jing Xiong, 38 AD3d 926, 927). Penal Law § 35.05(2) is often referred to as the "choice-of-evils" defense (People v Rodriguez, 16 NY3d 341, 345).
Here, viewing the evidence before the grand jury in the light most favorable to the defendant, there was no reasonable view of the evidence warranting an instruction on the defense of justification under Penal Law § 35.05(2) (see People v Kravitz, 75 AD3d 915, 916; People v Coleman, 256 AD2d 473, 473-474; People v Bolton, 213 AD2d 660, 660-661). There is no reasonable view of the evidence that forcefully striking and injuring the approximate eight-pound terrier poodle in the manner undertaken by the defendant, who was approximately 6 feet tall and weighed 200 pounds, was necessary as an emergency measure to avoid, at most, a bite by this small animal through denim pants.
To the extent that the Supreme Court found that the prosecutor was required to instruct the grand jury on the defense of justification under Penal Law § 35.10(6) or Penal Law § 35.15, the language of those statutes "plainly limits the defense to situations where one person uses force against another person, making [the statutes] inapplicable where, as here, a person used force . . . against an animal" (People v Brinkley, 174 AD3d 1159, 1166; see People v George, 16 Misc 3d 74, 76).
Accordingly, we reinstate the indictment and remit the matter to the Supreme Court, Queens County, for further proceedings on the indictment.
RIVERA, J.P., COHEN and IANNACCI, JJ., concur.
HINDS-RADIX, J., dissents and votes to affirm the order appealed from, with the following memorandum:
The defendant was arrested after he seriously injured a dog during an altercation with another individual, which also involved that individual's family. The dog, which was unleashed, was staying with that individual's family, and participated in the altercation. A grand jury returned an indictment against the defendant charging him with criminal mischief in the second degree (Penal Law § 145.10), aggravated cruelty to animals (Agriculture and Markets Law § 353-a), and overdriving, torturing or injuring an animal (Agriculture and Markets Law § 353).
In the order appealed from, the Supreme Court, upon the motion of the defendant, and upon reviewing the grand jury minutes, dismissed the indictment, with leave to re-present the matter to a new grand jury. The court concluded that the grand jury proceeding was defective within the meaning of CPL 210.35(5) based upon the prosecutor's failure to instruct the grand jury on the defense of justification as defined in Penal Law § 35.05(2). That provision provides a complete defense where "[s]uch conduct is necessary as an emergency measure to avoid an imminent public or private injury which is about to occur by reason of a situation occasioned or developed through no fault of the actor, and which is of such gravity that, according to ordinary standards of intelligence and morality, the desirability and urgency of avoiding such injury clearly outweigh the desirability of avoiding the injury sought to be prevented by the statute defining the offense in issue." Upon reargument, the court adhered to the original determination, noting that, based upon the defendant's testimony before the grand jury, there was a reasonable view of the evidence to support the justification charge. The People appeal.
The defendant testified before the grand jury that the other individual involved in the dispute demanded $20 from him, and when the defendant stated he did not have $20, the individual approached the defendant with two metal sticks, talking about killing the defendant. The defendant armed himself with part of a broomstick, and while he was tussling with the other individual, he hit the dog, who was biting at his pants leg, and trying to get the stick. The defendant claimed he hit the dog because it was "bit[ ]ing on the leg" and "trying to pull" the stick away from him. He also claimed that he did not mean to hit or hurt the dog. The dog suffered a blow to the right eye which caused it to lose its sight in that eye.
"'[A] prosecutor should instruct the Grand Jury on any complete defense supported by the evidence which has the potential for eliminating a needless or unfounded prosecution'" (People v Tunit, 149 AD3d 1110, 1111, quoting People v Grant, 113 AD3d 875, 876; see People v Valles, 62 NY2d 36, 38). Justification is such a complete defense (see People v Hosein, 221 AD2d 563, 563). In determining whether the evidence supports a justification defense, the record must be viewed in the light most favorable to the defendant (see People v White, 164 AD3d 1480; People v Duka, 173 AD3d 764). The failure to charge justification constitutes reversible error when a reasonable view of the evidence, taken in a light most favorable to the defendant, supports the defense (see People v Reynoso, 73 NY2d 816, 818; People v White, 164 AD3d 1480; People v Forde, 140 AD3d 1085, 1087).
Viewing the evidence before the grand jury in the light most favorable to the defendant, there was a reasonable view of the evidence that supported a justification instruction based upon the defendant's testimony that the dog was biting at his pants leg at the time he hit the dog. Although he acknowledged that he did not mean to hit or hurt the dog, that sentiment was not inconsistent with his perception that striking out at the dog was necessary to avoid injury to his own person. In any event, the defendant's entitlement to the justification instruction is not defeated solely by reason of its inconsistency with another defense raised (see People v Butts, 72 NY2d 746, 749), or testimony that the defendant's conduct was not intentional (see People v Padgett, 60 NY2d 142).
With the benefit of hindsight, we may feel that the small size of the dog indicated that it was unlikely that the dog could have inflicted serious physical injury upon the defendant. However, the defendant's infliction of serious physical injury upon the dog would be justified to avoid less than serious injury to the defendant, since the interest of the defendant to protect his person cannot be equated with the interest of protecting an animal from injury. The question of whether the injury inflicted upon the dog could be justified to protect the person of the defendant or even his property is generally a question of fact to be determined by the trier of facts based upon the moral standards of the community (see People v Bunt, 118 Misc 2d 904; see also People v Voelker, 172 Misc 2d 564), and not as a matter of law based upon falsely equating the interest of the animal with the interest of a person. My colleagues in the majority contend that the defendant faced, "at most, a bite by this small animal through denim pants," therefore defending himself was not necessary. In effect, my colleagues have concluded, as a matter of law, without reference to any precedent, that the interests of the animal supersede those of the defendant to protect himself from injury from the animal.
Accordingly, the order should be affirmed insofar as appealed from.
ENTER:
Aprilanne Agostino
Clerk of the Court