# State of New York
# Court of Appeals

OPINION

This opinion is uncorrected and subject to revision before publication in the New York Reports.

No. 88
The People &c.,
　　　　Respondent,
　　　v.
Luis Jimenez,
　　　　Appellant.

Steven R. Berko, for appellant.
Charles Pollak, for respondent.
Animal Legal Defense Fund et al., amici curiae.

RIVERA, J.:

Defendant was indicted on several counts for striking and severely injuring a small

dog with a broom stick. On appeal, he argues that the indictment should be dismissed

because the prosecutor did not charge the grand jury on justification under

- 1 -

Penal Law § 35.05 (2), the "choice of evils" defense. We conclude that the instruction was not warranted under the circumstances of this case.

I.

Defendant was charged with second-degree criminal mischief under Penal Law § 145.10, aggravated cruelty to animals under Agriculture and Markets Law § 353-a, and Overdriving, Torturing, or Injuring an Animal under Agriculture and Markets Law § 353. Defendant testified before the grand jury that J., a former acquaintance, confronted him on a sidewalk and demanded that he repay a $20 debt. When defendant refused, J. left and then quickly returned with two metal rods, one in each hand, and threatened to kill defendant if he did not pay. Defendant picked up a broom and broke it in half to defend himself as J.'s mother and uncle appeared on the scene. At his mother's urging, J. turned and began walking away while the uncle began "tussling" with defendant, attempting to disarm him of the broom handle. As defendant was engaged with the uncle, Gigi—a small dog who was in the mother's care—ran up to defendant and started biting at his pant leg. While still physically engaged with the uncle, defendant swung the broom handle and hit Gigi.

During his testimony, defendant explained that J.'s uncle "[got] in the way" while "trying to stop the fight" as Gigi, who was not on a leash, ran toward them. He then "[m]istakenly" hit the dog; he "fe[lt] bad for it," and "didn't mean to hurt the dog." In response to questioning, defendant responded that, when he hit Gigi, J. was swinging the stick as the uncle was "on [him]" and J.'s mother was holding J. back. Defendant also

confirmed that, at one point, a surveillance camera recorded J. walking away while J.'s uncle walked toward defendant and began "pushing" him back. He claimed, however, that Gigi bit his pant leg but that he "wasn't really scared" of her; rather, he "was scared of the people around [him] because [he] was by [him]self." As J.'s uncle was trying to get the stick out of defendant's hand, defendant "ended up hitting the dog mistakenly." Defendant testified that throughout the encounter, he was "not trying to hit [anything]." The grand jury also viewed surveillance footage, which depicts defendant striking Gigi in an upward motion with the broom handle and knocking her to the ground. A forensic veterinarian testified that the strike caused Gigi extreme pain, fractured her cheekbone, and left her blind in one eye.

The prosecutor charged the grand jury on, among other things, the elements of the three counts. The prosecutor did not instruct the grand jury on justification. The grand jury indicted defendant on all counts.

Defendant moved to dismiss the indictment on the ground that the grand jury proceeding was defective under CPL 210.35 (5) because the prosecutor failed to instruct the jury on exculpatory defenses. Supreme Court reviewed the grand jury minutes in camera and dismissed the indictment with leave to re-present, based on the prosecutor's failure to instruct on justification under section 35.05 (2). The court subsequently granted the prosecution's motion to reargue, but adhered to its original decision on the same grounds. The Appellate Division, with one Justice dissenting, reversed and reinstated the indictment, holding that, as a matter of law, no reasonable view of the evidence supported

an instruction on the justification defense (189 AD3d 882, 882-885 [2d Dept 2020]). The dissenting Justice granted defendant leave to appeal (2021 NY Slip Op 61834[U] [2d Dept 2021]). We now affirm.

II.

Defendant asserts that the grand jury proceeding was sufficiently impaired to warrant dismissal of the indictment because the prosecutor did not provide an instruction pursuant to Penal Law § 35.05 (2), the "choice of evils" defense, which would have allowed the grand jury to consider whether his actions were justified. Defendant maintains that he chose to hit the dog to avoid a potentially fatal dog bite infection. As limited by defendant's argument, we conclude that the evidence does not support the defense.

Under CPL 210.35 (5), a grand jury proceeding is defective, "mandating dismissal of the indictment" (*People v Valles*, 62 NY2d 36, 38 [1984]) under CPL 210.20 (1) (c), when it "fails to conform to the requirements of article one hundred ninety [of the Criminal Procedure Law] to such degree that the integrity thereof is impaired and prejudice to the defendant may result" (CPL 210.35 [5]). In turn, article 190 of the Criminal Procedure Law provides that "[t]he legal advisors of the grand jury are the court and the district attorney," and commands that "[w]here necessary or appropriate, the court or the district attorney, or both, must instruct the grand jury concerning the law with respect to its duties or any matter before it" (CPL 190.25 [6]). "[F]ailure to furnish adequate or complete instructions may, in a given case, render the grand jury proceedings defective, mandating dismissal of the indictment" but "[t]his does not mean, however, that the Grand Jury must be charged with

every potential defense" (*People v Valles*, 62 NY2d 36, 38 [1984]). Instead, as the Court has explained, a prosecutor must instruct a grand jury on "exculpatory defense[s]," which are those "that would, if believed, result in a finding of no criminal liability" (*id.*). Failure to instruct where the evidence supports a complete defense is grounds for reversal (*see People v Lancaster*, 69 NY2d 20, 26 [1986]).

Section 35.05 (2) of the Penal Law provides that conduct that would otherwise be criminal may be justifiable when

> "[s]uch conduct is necessary as an emergency measure to avoid an imminent . . . private injury which is about to occur by reason of a situation occasioned or developed through no fault of the actor, and which is of such gravity that, according to ordinary standards of intelligence and morality, the desirability and urgency of avoiding such injury clearly outweigh the desirability of avoiding the injury sought to be prevented by the statute defining the offense in issue."

The statute further commands that "[w]henever evidence" related to the defense "is offered by the defendant, the court shall rule as a matter of law whether the claimed facts and circumstances would, if established, constitute a defense" (*id.*). Thus, the statute's plain text requires a threshold legal determination that the record is sufficient for the factfinder to conclude that a defendant's criminal conduct was justified.

This provision reflects a policy decision to absolve a defendant of criminal liability where they commit an otherwise criminal act out of necessity to avoid a greater injury (*see People v Craig*, 78 NY2d 616, 618, 620 [1991]). Choice is a necessary prerequisite to this justification defense, hence the common reference to it as the "choice of evils" defense (*see id.* at 619 n 1). As the Court previously recognized in *Craig*, the defense is limited in

application and intended to be available " 'in rare and highly unusual circumstances' " (*id.* at 622, quoting Staff Notes of Temp St Commn on Rev of Penal Law and Crim Code, 1964 Proposed NY Penal Law [Study Bill, 1964 Senate Intro 3918, Assembly Intro 5376] § 65.00 at 317). Indeed, this Court has endorsed the Bartlett Commission's illustrative example that the defense would exempt a defendant from criminal liability for the " 'burning of real property of another in order to prevent a raging forest fire from spreading into a densely populated community' " (*id.*, quoting William C. Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 35.00 at 91).

Here, defendant asserts that he chose the lesser evil of striking Gigi to avoid the greater harm of a potentially-infectious dog bite. However, defendant testified before the grand jury that he was not afraid of Gigi, that he never intended to hurt her, and that he struck her by mistake during his struggle with the uncle and as a reaction to the surrounding circumstances. Thus, by his own account, defendant made no choice at all to strike Gigi, but acted without intending to hit anything or specifically to hurt her. The record, including defendant's own testimony and the surveillance video, forecloses defendant's argument that he chose to strike Gigi as an "emergency measure to avoid an imminent . . . private injury" (Penal Law § 35.05 [2]; *see Lancaster*, 69 NY2d at 26). Accordingly, the prosecutor was not obligated to instruct the grand jury on the "choice of evils" defense under section 35.05 (2) (*see People v Thompson*, 22 NY3d 687, 697 [2014]; *Lancaster*, 68 NY2d at 26; *Valles*, 62 NY2d at 38).

Accordingly, the order of the Appellate Division should be affirmed.

Order affirmed. Opinion by Judge Rivera. Acting Chief Judge Cannataro and Judges Garcia, Wilson, Singas and Troutman concur.

Decided November 17, 2022