People v Mead (2025 NY Slip Op 07412)

People v Mead

2025 NY Slip Op 07412

Decided on December 31, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
ELENA GOLDBERG VELAZQUEZ, JJ.

2022-08789
 (Ind. No. 3572/18)

[*1]The People of the State of New York, respondent,
vKyle Mead, appellant.

Patricia Pazner, New York, NY (Hannah Kon and Paul, Weiss, Rifkind, Wharton & Garrison LLP [Jonathan Jaroslawicz], of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, and Allison Marculitis of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Danny K. Chun, J.), rendered October 19, 2022, convicting him of manslaughter in the first degree and criminal possession of a weapon in the fourth degree, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is reversed, on the law, the defendant's motion to dismiss the indictment is granted, and the indictment is dismissed, without prejudice to the People to re-present any appropriate charges to another grand jury; and it is further,
ORDERED that pursuant to CPL 470.45, the matter is remitted to the Supreme Court, Kings County, and that court shall cause the defendant to be brought before it forthwith, at which time that court shall issue a securing order in accordance with the provisions of CPL 210.45(9).
Before trial, the defendant moved to dismiss the indictment on the ground, among others, that the People failed to include in the charge to the grand jury instructions on the defense of justification. The Supreme Court denied the motion. Following a nonjury trial, the defendant was convicted of, inter alia, manslaughter in the first degree in connection with the death of Clifton Graves. The defendant appeals.
The District Attorney is required to instruct the grand jury on the law with respect to matters before it (see CPL 190.25[6]). If the District Attorney fails to instruct the grand jury on a defense that would eliminate a needless or unfounded prosecution, the proceeding is defective, mandating dismissal of the indictment (see id. § 210.35[5]; People v Valles, 62 NY2d 36, 38). "'[A] prosecutor should instruct the [g]rand [j]ury on any complete defense supported by the evidence which has the potential for eliminating a needless or unfounded prosecution'" (People v Grant, 113 AD3d 875, 876, quoting People v Wilson, 228 AD2d 708, 709; see People v Tunit, 149 AD3d 1110, 1111). "Where the evidence before the grand jury supports it, the charge on justification must be given" (People v Samuels, 12 AD3d 695, 698).
"In determining whether the evidence supports a justification defense, the record must [*2]be viewed in the light most favorable to the defendant" (id.; see People v Padgett, 60 NY2d 142, 144-145). Here, a surveillance video shown to the grand jury indicated that the defendant approached Graves inside a store while holding a knife. Nevertheless, when viewing the evidence in the light most favorable to the defendant, there is a reasonable view of the evidence that the defendant was not the initial aggressor, Graves pointed a gun at the defendant, the defendant stabbed Graves to defend himself from the imminent use of deadly physical force against him, and the defendant could not safely retreat (see Penal Law § 35.15[2][a]; People v Samuels, 12 AD3d at 698; People v Light, 170 AD2d 461, 462-463; People v Rodriguez, 111 AD2d 879, 881).
Accordingly, the evidence before the grand jury required the People to give a charge on justification, and the failure to do so impaired the integrity of that body to such a degree that the defendant may have been prejudiced by an unwarranted prosecution (see CPL 210.35[5]; People v Caracciola, 78 NY2d 1021, 1022; People v Valles, 62 NY2d at 38; People v Samuels, 12 AD3d at 698-699). Therefore, the Supreme Court erred in denying the defendant's motion to dismiss the indictment on this ground.
In light of our determination, we need not reach the defendant's remaining contention.
CONNOLLY, J.P., CHRISTOPHER, WARHIT and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court